**In the Matter of Mary Leasure UNROE, Debtor.**

**No. 90–1523.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1991.
Decided July 15, 1991.

Deborah J. Daniels, U.S. Atty., Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, Ind., Gary R. Allen, Gary D. Gray, Doris D. Coles, Joan I. Oppenheimer, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., E. Franklin Childress, Indianapolis, Ind., Thomas J. Clark, Dept. of Justice, Tax Div., Washington, D.C., Robert A. Brothers, Indianapolis, Ind., for appellee.

Judith E. Seubert, UAW Legal Services Plan, Indianapolis, Ind., Lynn M. Butcher, UAW Legal Services Plan, Anderson, Ind., for debtor-appellant.

Before CUDAHY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

In this Chapter 13 bankruptcy proceeding, the bankruptcy court approved a late-filed IRS proof of claim as an amendment to an earlier filed, timely claim. The district court affirmed. On appeal, Unroe argues that the second IRS claim does not relate back to the timely claim and that the district court abused its discretion in applying equitable principles to reach the same result.

### I.

On July 18, 1986, Unroe filed for bankruptcy under Chapter 13. She filed her Statement and Plan on August 19, 1986, which included a $15,000 priority debt for 1982 and 1983 taxes. The plan listed the 1983 tax liability as a priority claim and the 1982 tax liability, along with interest and penalties for both tax years, as an unsecured claim, entitled to pro rata payment.

The IRS filed three proofs of claim. The first, filed September 25, 1986, was a priority claim for 1982 taxes ($105.58 and interest of $3,475.25) and a general claim for penalties ($3,969.42). The bar date for filing claims—January 6, 1987—passed, but on March 12, 1987, the IRS filed a second claim, styled an "amendment," which asserted a priority claim for *1985* taxes ($2,493.00 and $870.96 in interest). The IRS filed a second "amendment" on January 20, 1988, which corrected the date of the 1985 claim to 1983.

On April 30, 1987, the court without objection confirmed the plan, which provided priority status for 1983 taxes and general status for 1982 taxes and for all interest and penalties. On June 8, 1987, the trustee filed the claims application, which request-

ed approval of the original and amended IRS claims. Unroe objected to the "amended" 1983 claim as untimely filed. Although the IRS proved that the mislabeled claim was actually for 1983, the record reveals no attempt by the IRS to explain or justify the tardiness of the 1983 claim.

The bankruptcy court overruled Unroe's objection. *In re Unroe*, 104 B.R. 77 (Bankr.S.D.Ind.1989). It reasoned that the late-filed claim related back to the 1982 claim under the guidelines of Fed.R.Civ.P. 15(c). Invoking equitable principles, it also permitted the claims on the grounds that: (i) Unroe was not unfairly surprised by the amendment, since her schedules and her original plan included 1983 taxes; (ii) unsecured creditors would receive a "windfall" if the claim were not allowed; (iii) the government would be deprived of funds to which it would otherwise be entitled. The district court affirmed by order on February 2, 1990. *Unroe v. United States*, 119 B.R. 626 (S.D.Ind.1990). The sole issue on appeal is whether the bankruptcy court properly permitted the tardy 1983 claim.

## II.

### A. *Appellate Jurisdiction*

■ Bankruptcy appeals, like other appeals, normally require finality below. 28 U.S.C. § 158(d) (1988). Finality in the bankruptcy context operates somewhat differently, *In re Fox*, 762 F.2d 54, 55–56 (7th Cir.1985), because of the potential finality of certain orders before the estate is closed. (Appeal from an interlocutory district court decision is provided by section 158(d) and is available only through district court certification under 28 U.S.C. § 1292(b). *In re Moens*, 800 F.2d 173, 177 (7th Cir.1986).[1])

■ The briefs inadequately assessed finality, so we requested supplemental briefing with special attention to our analysis in *In re Jartran, Inc.*, 886 F.2d 859 (7th Cir. 1989). *Jartran* held not final an order

denying a creditor's request for administrative priority and for dismissal of a second Chapter 11 petition. Finality was not present because "a considerable number of potential disputes between Jartran and [the creditor] remain[ed] unresolved" and because "[r]esolution of the claims [would have been] more than a mere 'ministerial' matter." 886 F.2d at 862. The appeal proceeded, but on an interlocutory basis.

*Jartran* is easily distinguished from this case. First, the IRS's claim has been "established," meeting the requirement for claim finality. *See In re Fox*, 762 F.2d at 55. The amount is not in dispute. In fact, the estate has already paid both the 1982 and 1983 claims. Second, it appears that except for this appeal, all matters in the bankruptcy court have concluded, leaving nothing for the court below but to enter Unroe's discharge and close the estate.

Unroe has brought a contempt proceeding in the bankruptcy court against the IRS. Apparently the IRS sought interception and offset of Unroe's 1989 tax overpayment to satisfy her 1983 liability, even though she had already paid the liability. There is no apparent reason that the outcome of the contempt proceeding will affect the IRS's 1983 claim or vice versa. Moreover, the contempt proceeding involves the ministerial task of collection of a claim, which does not destroy finality. Appellate review is therefore proper.

### B. *Filing of The IRS's Untimely Claim*

Unroe argues that the claim should not be permitted because (i) it is barred by Bankr.R. 3002(c)'s ninety-day time limit; (ii) the bankruptcy and district courts misapplied the equitable factors of the *Glamour Coat* test; and (iii) it does not, in the words of Fed.R.Civ.P. 15(c), arise from the "same conduct, transaction or occurrence" as the timely 1982 claim. Because these arguments mix jurisdictional and substantive questions, we reframe the inquiry along

---

1. At least one circuit has recently held section 1292(b) review unavailable in the bankruptcy context, *Germain v. Connecticut Nat'l Bank*, 926 F.2d 191 (2d Cir.1991) (no appellate interlocutory jurisdiction under section 1292(b) for review of district court interlocutory order or decision under section 158(a)), and the circuits disagree generally about the matter, *see Capitol Credit Plan of Tenn., Inc. v. Shaffer*, 912 F.2d 749, 752–54 (4th Cir.1990).

these lines: whether the amendment is authorized by statute and rule; whether the bankruptcy court possesses equitable jurisdiction to extend the ninety-day deadline; and, if such jurisdiction exists, whether the bankruptcy court abused its discretion by permitting the extension.

### 1. Statutory Bases

■ In a Chapter 13 proceeding a creditor must file a proof of claim within ninety days of the first date set for the meeting of creditors. Bankr.R. 3002(c). The rule provides exceptions, but for those relevant here, the IRS must move for an extension within the permitted ninety days, which it did not do. Under Rule 3002(c), therefore, the IRS's claim was untimely.

Rule 3002(c), however, operates in conjunction with Bankr.R. 7015, which provides, in its entirety, "Rule 15 F.R.Civ.P. applies in adversary proceedings."[2] A claims proceeding may not be an adversary proceeding, but Bankr.R. 9014 extends Bankr.R. 7015 to "contested matters," which include Unroe's disputed claim. The bankruptcy rules therefore provide that a creditor may amend a claim if it meets Fed.R.Civ.P. 15(c)'s standard of arising out of a timely filed claim's "conduct, transaction or occurrence."

Did the district court err in finding the requisite nexus between the 1982 and 1983 claims? We believe it did. The IRS's position would permit the Service to file a claim for one tax year, and then, after the bar date, "amend" by right the claim to include any number of additional tax years. This would defeat the bankruptcy law's purpose of affording the debtor, trustee and court timely notice of claims. Separate years imply separate tax claims under Bankr.R. 7015. Examples of amendments permitted under Bankr.R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim. Fed.R. Civ.P. 15(c) therefore does not rescue the tardy 1983 claim.

### 2. Equitable Bases

■ Bankr.R. 7015 is not, however, the only possible authority for amendment. Another potential basis is the bankruptcy court's broad equitable jurisdiction. Equity jurisdiction extends even to setting aside final confirmation of a plan. *See In re Longardner & Assocs., Inc.*, 855 F.2d 455, 462 (7th Cir.1988), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). We find no case that specifically addresses the question of whether Bankr.R. 7015's amendment procedure precludes a judge from classifying a late-filed claim as an amendment on equitable principles. Bankruptcy courts appear split on the question. *Compare In re Miller,* 90 B.R. 317, 323 (Bankr.E.D.Tenn.1988) (must meet FRCP 15(c), despite ample notice to debtor), *aff'd,* 118 B.R. 76 (E.D.Tenn.1989), *with In re Bajac Construction Co.,* 100 B.R. 524 (Bankr.E.D.Cal.1989) (relying on equities and applying broad "same generic origin" test). The question therefore is whether equity here trumps the time bar of Bankr.R. 3002(a), or whether the rule functions as a statute of limitations.

We think that Congress has supplied the answer. Unlike traditional equity jurisdiction, Congress has codified the equitable power of the bankruptcy courts:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude a court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of power.

11 U.S.C. § 105(a) (1988). Generously read, the court's power to prevent "abuse of power" includes bending the time requirements for "raising of an issue." Equitable jurisdiction to permit amendments

---

**2.** Fed.R.Civ.P. 15(c) provides in part:
  **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

out-of-time does not conflict with, but rather fulfills, the statutory backdrop for bankruptcy proceedings. The bankruptcy court below therefore properly considered equitable matters outside the scope of the test of Fed.R.Civ.P. 15(c) in deciding to permit the late-filed claim as an "amendment."

■ This result appears to be in some tension with our holding in *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462 (7th Cir. 1984) (per curiam), where we held under an earlier version of the rules[3] that "cases construing [Bankruptcy Rule 13–302(e)(2) and the Bankruptcy Act of 1898] treat the six-month filing period as a statute of limitations not subject to extension by the bankruptcy court." *Id.* at 464 (citing *In re Ebeling*, 123 F.2d 520 (7th Cir.1941); *In re Pigott*, 684 F.2d 239 (3d Cir.1982)). The *Wilkens* court, however, noted that filing an "informal claim" within the filing period may permit the creditor to perfect the claim later. "The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor." *Id.* at 465. A key component of a permissible equitable amendment is therefore the debtor's knowledge, whereas a Fed.R.Civ.P. 15(c) amendment focuses on the nexus between the original claim and the amendment. In *Wilkens* the creditor made no informal proof of claim. But in Unroe's case, the exception of *Wilkens* provides the bankruptcy court with authority to consider the timely filed 1982 claim as notice of the IRS's intent to collect for both years because Unroe's plan anticipated the 1983 filing. Another circuit has reached the opposite conclusion in an important Chapter 11 case, *In re International Horizons, Inc.*, 751 F.2d 1213, 1217–18 (11th Cir.1985), but we respectfully disagree because such a holding too tightly cramps the equitable powers of bankruptcy judges. We leave for another case the question whether a judge in equity could permit an entirely new claim filed out of time. *Wilkens* appears to rule out this possibility, but we have not had the benefit of briefs or argument on the issue.

In addition, a bankruptcy court's power to extend the bar date implies a corresponding power to permit late claims. A statute of limitation cannot be adjusted either before or after it expires. Here, Congress's approval of an extendable deadline, *see* Bankr.R. 3002(c), distinguishes the bar date from a statute of limitation, indicating that the court's equitable power includes authorization of late-filed claims.

### 3. The Court's Equitable Holding

■ The bankruptcy judge, applying the often cited and broadly drafted factors of *In re Miss Glamour Coat Co., Inc.*,[4] concluded that the IRS's late claim should be permitted. We review under the abuse of discretion standard, *In re International Horizons, Inc.*, 751 F.2d at 1216, but even so the IRS here presents few equities in its favor.[5] The Service offered no explanation for its late filing. Unroe did nothing to merit disfavor in the eyes of the court. Only by a stretch can the 1983 claim be

---

**3.** The old Rules of Bankruptcy Procedure were in effect until August 1, 1983.

**4.** These are:
  1. Whether the debtors and creditors relied upon the Government's earlier proofs of claim or whether they instead had reason to know that subsequent proofs of claim would follow upon completion of audit;
  2. Whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim;
  3. Whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of taxes due;
  4. The justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim pending an audit; and
  5. Whether there are any other considerations that should be taken into account in assuring a just and equitable result.

80–2 U.S.Tax Cas. (CCH) at 85,434–35, 1980 WL 1668 (citations omitted).

**5.** Recitation of the *Glamour Coat Co.* factors could, we note, justify nearly any outcome a bankruptcy judge desires. A bankruptcy court's exercise of equity in this context must include identification of factors related to the debtor's notice of a pending claim or excusable neglect by the creditor. *Glamour Coat Co.* does not therefore make a bankruptcy court's extension of time unreviewable.

"related" to the 1982 claim. No evidence in the record explains or justifies the IRS's delinquency.

However, we find that the judge did not abuse his discretion in identifying factors that tilt the equitable balance in the IRS's favor. Unroe was not caught unawares, since she included $15,000 in her plan for payment of taxes for 1982 and 1983. Moreover, the total of both the 1982 and 1983 claims was $10,914.21, more than $4,000 less than the $15,000 that Unroe had set forth on her schedule of liabilities. Unroe and the other creditors were therefore not unfairly surprised. The result may have been different had the late claim been unscheduled or exceeded the amount in the plan, in which cases the prejudice to the debtor and other creditors would have been more severe.

### III.

Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred. The amendment here was not permissible under Bankr.R. 7015. The bankruptcy court, however, considered appropriate factors in permitting the IRS to file its "amendment," and we do not find an abuse of discretion.

AFFIRMED.