**In re William D. RAINS, Debtor.**

**Bankruptcy No. 86–5–2466–JS.**

United States Bankruptcy Court,
D. Maryland.

March 31, 1992.

Gary R. Greenblatt, Schwarz & Greenblatt, Baltimore, Md., for debtor.

Clair Brooks, Robert Eckardt, Chief Advisory Unit, Sp. Procedures Staff, Howard F. Cohn, Advisor, I.R.S., Baltimore, Md., for the I.R.S.

John Robinson, Baltimore, Md., trustee.

## MEMORANDUM OPINION SUSTAINING DEBTOR'S OBJECTION TO PROOF OF CLAIM OF THE INTERNAL REVENUE SERVICE

JAMES F. SCHNEIDER, Bankruptcy Judge.

### FINDINGS OF FACT

1. William D. Rains filed the instant Chapter 13 bankruptcy petition in this Court on November 14, 1986.

2. On May 6, 1987, this Court entered an Order confirming the debtor's Second Amended Chapter 13 Plan [P. 19]. A representative of the Internal Revenue Service ["I.R.S."] was present at the hearing and indicated that an objection to confirmation filed by the I.R.S. was being withdrawn as a result of negotiations.

3. The confirmed plan provided for payment to the I.R.S. of a first priority claim in the amount of $13,413.82 in monthly installments of $223.56. "The debtor further agree[d] to pay his 1986 income taxes, which became due on April 15, 1987, in full within 45 days of confirmation." Second Amended Chapter 13 Plan, ¶ (e).

4. The amount agreed upon covered unpaid individual income taxes owed by the debtor for the years 1984 and 1985.

5. The bar date for filing proofs of claim was March 18, 1987.

6. On April 22, 1988, the I.R.S. filed an additional proof of claim in the amount of $40,465.29 for unpaid taxes due for the years 1980 and 1981. The debtor has objected to the latter claim as having been untimely filed. [P. 32].

7. Since then, additional proofs of claim were filed by the I.R.S. on February 28, 1989, March 7, 1989 and February 7, 1990.

### CONCLUSIONS OF LAW

1. The claims filed by the I.R.S. subsequent to the expiration of the bar date are new claims, and not amendments to its timely filed claim, and therefore will not be allowed.

2. The allowance of the I.R.S.'s late-filed claims "turns on whether the subsequent claim may be fairly characterized as an amendment of a timely filed claim or in substance a new claim." *In re McLean Industries, Inc.,* 121 B.R. 704, 708 (Bankr. S.D.N.Y.1990). For the I.R.S.'s subsequent claim to be considered an amendment of a timely filed claim, rather than a new claim, "the second claim should not only be of the same nature as the first but also reasonably within the amount to which the first claim provided notice." *In re AM Intern., Inc.,* 67 B.R. 79, 82 (N.D.Ill.1986). The I.R.S. fails both prongs of this test.

3. Although the I.R.S.'s subsequent claim applied, as did the originally-filed claim, to the debtor's personal income tax liability, it is not of the "same nature" as the initial claim. In its subsequent claim the I.R.S. is attempting to include "a period of liability for which no timely claim was filed." *U.S. v. Owens,* 84 B.R. 361, 363 (E.D.Pa.1988). The I.R.S.'s subse-

quent claim for a period of time for which no timely claim was filed is actually an attempt to "assert an entirely new claim" rather than an amendment to a timely filed claim. *Id.*

4. The I.R.S.'s claim should also be denied because it is "not reasonably within the amount" of the timely filed claim. *In re Miller*, 118 B.R. 76, 80 (E.D.Tenn.1989). In *Miller*, the I.R.S. attempted to amend its proof of claim after the expiration of the bar date to add taxes and penalties owed by the debtor that were not claimed in the original timely filed proof of claim. The Court denied the I.R.S.'s request to amend its claim to add an additional $40,542.27. The court found that "the amendment is not reasonably within the amount of the original $12,395.90 claim." *Id.*

5. Similarly, in the instant case, the I.R.S.'s request to amend its claim should be denied. An amended claim for an additional $40,465.79 is not "reasonably within the amount" of the timely filed claim for $13,413.82.

■ 6. In its brief, the I.R.S. claims that an amendment to a proof of claim is to be permitted where the amendment is the result of a party's lack of knowledge or mistake of fact. The failure in this case to include the subsequent tax claim in the timely proof of claim did not, however, result from its lack of knowledge or mistake. The I.R.S. knew at the time of the confirmation hearing that the debtor had not filed tax returns for 1981 and 1982. The I.R.S. could have filed a motion pursuant to Rule 3002(c)(1) for an extension of the bar date to allow the debtor time to file these returns prior to filing its proof of claim. The I.R.S. could also have stipulated that the plan provided for an amendment after the debtor filed his returns. The I.R.S. did not choose either of these options, but instead waited until the bar date had long passed to file its subsequent claim.

7. In the case of *In re Johnson*, 84 B.R. 492 (Bankr.N.D.Ohio 1988), *aff'd* 901 F.2d 513 (6th Cir.1990), under facts similar to the case *sub judice*, the court found that "the IRS never filed any motion seeking an extension of the bar date. Without such motion the I.R.S.' filing delay of some seven months after the claims bar date ... was unreasonable and untimely ..." *Id.* at 494. A delay of over one year beyond the bar date in the instant case for filing a subsequent claim is even more unreasonable.

8. Equitable concerns also weigh against allowing the I.R.S.'s subsequent claim. "[B]efore this equitable power [of the bankruptcy court] may be exercised the party seeking equity should be without fault as to a late-filed proof of claim." *In re AM Intern., Inc.*, 67 B.R. at 82. The I.R.S. is not without fault as to the late-filed proof of claim. At the time of the I.R.S.'s approval of the plan at the confirmation hearing, and later upon the expiration of the bar date, the I.R.S. was on notice that the debtor had not filed his tax returns for 1980 and 1981. The I.R.S.'s failure to file a timely proof of claim or request an extension of the bar date was apparently due to its own internal confusion. "Courts have generally refused to grant relief where the creditor's own internal procedures are the cause of its failure to timely filed proofs of claim." *In re Miller*, 118 B.R. at 80.

9. In *In re AM Intern., Inc., supra*, after filing a timely claim for unpaid taxes, the Commonwealth of Pennsylvania attempted to amend its claim against the debtor for additional unpaid taxes after the expiration of the bar date. In rejecting the Commonwealth's proof of claim, the court held:

> ... [T]he Commonwealth offered no excuse for its failure to file the second claim within the time period set by the court or for its failure to request an extension of the bar date. Instead it relied on the debtor's knowledge of and participation in the tax audit and receipt of a notice of assessment as a supposed substitution for a formal proof of claim ... Where there was no notice [prior to the bar date] of the Commonwealth's intent to hold the estate liable for additional taxes, it might well have been an

abuse of discretion of Judge Schwartz to allow the second claim. *In re AM Intern., Inc.,* 67 B.R. at 82.

10. The only excuse offered by the I.R.S. for its untimely proof of claim is that the debtor had failed to file income tax returns for the subject years, and therefore he should have been aware that subsequent proofs of claim would be filed by the I.R.S. upon his filing of the outstanding returns. This knowledge on the part of the debtor is neither a substitute nor an excuse for the I.R.S.'s failure to timely file a proof of claim for the 1980 and 1981 tax years, or to request an extension of the bar date.

11. The I.R.S. is bound by the terms of the debtor's confirmed Chapter 13 plan, to which it not only failed to object, but the confirmation of which it actually endorsed.

For all these reasons, the Court will sustain the debtor's objection [P. 32] to the proof of claim filed by the I.R.S. on April 18, 1988 and all subsequent claims filed by the I.R.S. The Court finds no merit to the allegation of the I.R.S. that the debtor's service of its objection was procedurally defective.

ORDER ACCORDINGLY.