**In the Matter of Emil STAVRIOTIS and Judith Stavriotis, Debtors.**

**Appeal of UNITED STATES of America.**

**No. 91–3096.**

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1992.

Decided Oct. 23, 1992.

Fred Foreman, U.S. Atty., Office of the U.S. Atty., Criminal Div., Joel Nathan, Chicago, Ill., Gary R. Allen, Gary D. Gray, Bridget Rowan (argued), Douglas W. Snoeyenbos, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for U.S.

Arthur P. Sanderman (argued), Ronald M. Brown, Mitchell A. Cohen, Brown & Shinitzky, Chicago, Ill., for Stavriotis.

Before CUMMINGS and FLAUM, Circuit Judges, and LEE, District Judge.[1]

CUMMINGS, Circuit Judge.

The question presented in this appeal is whether the bankruptcy court abused its discretion when, after the bar date for filing claims, it refused the Internal Revenue Service's request to amend a proof of claim. The Internal Revenue Service had sought to amend its original proof of claim in order to increase the debtors' 1981 tax liability from $11,132.93 to $2,435,078.39, and in order to add tax liability for 1982, an additional tax year.

### I. Facts

In October 1985, Emil and Judith Stavriotis ("the debtors") filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. The Bankruptcy Court for the Northern District of Illinois set November 6, 1986, as the deadline, or "bar date," for filing all claims against the debtors' estate. On October 2, 1986, approximately one month prior to the bar date, the IRS filed a timely proof of claim for 1981 and 1984 income taxes and related penalties in the total amount of $11,132.93. The IRS based its claim amount on the debtors' amended tax returns rather than an independent audit or assessment.

At the time the bar date was set, the IRS was still in the process of auditing the debtors' tax liability for the 1981 tax year. Although the IRS knew of the bar date and its continuing audit, it never requested an extension of the bar date or notified other creditors that such an audit was being conducted.[2]

After the IRS completed its audit, it concluded that loss deductions taken by the debtors with respect to various real estate ventures should be disallowed. As a result of those disallowances, on April 22, 1987, approximately five months after the bar date, and under Rule 7015 of the Federal Bankruptcy Rules, the IRS sought to amend its claim for the total amount of income tax and related penalties. According to the IRS, the amended amount of taxes owed by the debtors was $2,449,523.74. Of that amount, $2,435,078.39 resulted from the debtors' 1981 return and $14,445.35 resulted from unpaid income tax for 1982. The amount of money the IRS sought to collect in its amended claim was more than 220 times greater than the amount it had claimed in its timely filed proof of claim.

---

1. The Honorable William C. Lee, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

2. Whether or not the debtors knew of the ongoing audit was disputed, as is the meaning of a November 20, 1986, IRS letter sent to the debt-

ors. That letter read "[w]e are pleased to tell you that after further consideration of your tax returns for the above periods [1981, 1983, and 1984], we have accepted them as filed" (Appellant's App. 146).

The debtors objected to the amended proof of claim on both substantive and procedural grounds. Both the debtors and the government filed cross-motions for summary judgment on the procedural question of whether the amended claim should be permitted. The IRS asserted no excuse for its failure to file its second claim before the bar date or for its failure to request an extension of the bar date.

Bankruptcy Judge Katz refused to permit the IRS's requested amendment and granted summary judgment on behalf of the debtors. The bankruptcy court held that the two claims were dissimilar in kind and amount, and that a consideration of equitable factors did not warrant permission of the amendment.[3] Thus that court limited the IRS's claim to its original claim for $11,132.93 for 1981 and 1984 income taxes and related penalties. The government appealed that judgment to the United States District Court for the Northern District of Illinois. Writing for that court, Judge Duff affirmed the judgment entered by the bankruptcy court. 129 B.R. 127. It is from that judgment that the present appeal was taken.

*II. Analysis*

The disposition of a motion to amend a proof of claim falls within the sound discretion of the bankruptcy court. See *In the Matter of Unroe*, 937 F.2d 346, 350 (7th Cir.1991); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987), certiorari denied, 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 483; *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985); *In re Lanman*, 24 B.R. 741, 743 (Bankr.N.D.Ill.1982). On appeal, this Court reviews that decision for abuse of discretion. Of course, review based on the abuse of discretion standard does not mean no appellate review. *In re Ronco, Inc.*, 838 F.2d 212, 217–218 (7th Cir.1988). Under that standard an abuse of discretion will be found if 1) the decision was based on an erroneous conclusion of law, 2) the record contains no evidence on

which the bankruptcy court could have based its decision, or 3) the factual findings are clearly erroneous. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563–564 (7th Cir.1984).

*A. Rule 7015*

We begin our analysis with Bankruptcy Rule 7015. That Rule states that "Rule 15 F.R.Civ.P. applies in adversary proceedings." Ordinarily, "the filing of an objection to a proof of claim * * * is a contested matter," not an adversary proceeding. Advisory Committee Note to Bankruptcy Rule 9014. But as this Court noted in *Unroe*, 937 F.2d at 348, Bankruptcy Rule 9014 permits a court, at its discretion, to extend Rule 7015 to contested matters as well as adversary proceedings. In this case Rule 7015 should apply by analogy for two reasons. First, Part VII of the bankruptcy rules is "based on the premise that to the extent possible practice before the bankruptcy courts and the district court should be the same." Advisory Committee Note to Bankruptcy Rule 7001. In light of this rationale even though bankruptcy courts are not required to do so, many such courts choose to apply Rule 7015 by analogy. See, e.g., *In re AM International Inc.*, 67 B.R. 79, 81 (N.D.Ill.1986); see also *In re Calisoff*, 94 B.R. 1002, 1004 n. 2 (Bankr. N.D.Ill.1988). Second, the district court applied Rule 7015 and both parties agree that this Court should apply Rule 7015 as well. For these reasons, we apply Bankruptcy Rule 7015, and through it, Federal Rule of Civil Procedure 15.

■ Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15 favors liberal amendment of pleadings in order to insure consideration of claims on their merits. But while leave to amend should generally be granted, courts have noted that it is

---

**3.** Below the government sought permission of its amendment under Rule 15 and under the equitable principles set forth in *In re Miss Glamour Coat*, 46 A.F.T.R.2d (P–H) 6083 (S.D.N.Y.

1980). However, it has not raised that latter issue in this court with respect to the 1981 taxes, and its brief argument for that issue with respect to the 1982 taxes is without merit.

inappropriate in some circumstances. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir.1990) (affirming denial of leave to amend claim where 1) litigant was aware of the facts underlying the claim before the filing deadline and presented no excuse for failing to raise the claim earlier, 2) opposing party would be unduly prejudiced, and 3) delay would impair the public interest in prompt resolution of disputes). As the Supreme Court stated in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be "freely given." *Id.*; see also, *Eades v. Thompson*, 823 F.2d 1055, 1062–1063 (7th Cir.1987).

In this case, both the bankruptcy court and the district court agree that the interests of justice require that the IRS should not be permitted to amend its claim. That conclusion is informed in part by the dramatic increase in the claim amount which came as an unfair surprise to other creditors, and perhaps to the debtors. As the bankruptcy court noted, relying on *In re AM International, Inc.*, 67 B.R. 79 (N.D.Ill.1986), a claim for approximately $11,000 does not give parties notice of a claim of over $2,000,000. Even though the creditors had notice that the amount of taxes owed "had not yet been determined" and was subject to litigation, the creditors had no reason to believe that the debt might be so extensive. The debtors in their disclosure statements and the government in its original proof of claim had estimated the amount in dispute at approximately $10,000–$12,000.

The government asserts that notice of the amount of claim is immaterial because proofs of claim may have "little correlation to the final relative amounts in which creditors will share any distribution," and primarily serve to determine "the universe of participants in the debtor's case." *In re Kolstad*, 928 F.2d 171, 173–174 (5th Cir. 1991), certiorari denied, —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439. However, the purpose of the filing deadlines is "to enable the debtor and his creditors to know, reasonably promptly, what parties are making claims *and in what general amounts.*" *Id.* at 173–174 (emphasis added). See Bankr.R. 3001 and Official Form Nos. 20 and 21 (requiring a proof of claim to include the amount the debtor owes the claimant and little other information). But were the huge disparity in the amount of the claim the only concern, we might still be persuaded that the IRS should prevail. The Bankruptcy Code rests on a foundation of equity. *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990); *In re Longardner & Associates Inc.*, 855 F.2d 455, 462 (7th Cir.1988), certiorari denied, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). Those equitable principles require fair consideration of all claims and the equitable distribution of the bankruptcy estate. *United States v. Goodstein*, 883 F.2d 1362, 1369 n. 8 (7th Cir.1989), certiorari denied, 494 U.S. 1007, 110 S.Ct. 1305, 108 L.Ed.2d 481 (1990). It is often noted that a bankruptcy court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985).

 Yet in this case there are two additional factors which persuade us that the bankruptcy court was not required to permit amendment of the government's claim. First, the bankruptcy court made a factual finding that although no plan was confirmed during the IRS's five-month delay, its amendment would prejudice other creditors who had been given no notice of the IRS's ongoing audit and relied on the general amount of the claim listed in the

original proof of claim. And second, the government offered no excuse or justification for its delay in notifying the court and other creditors of its potential amendment. As the bankruptcy court noted, it would have taken minimal effort for the government to request an extension of the bar date or to notify the creditors and the court of its ongoing audit. The government had no excuse for its failure to give notice. It had enshrined its tardiness into official IRS policy. Internal Revenue manual, sec. 57(13) 2.463 reads: "An amended proof of claim may be filed *subsequent to the bar date* so long as the tax classification and taxable period were included in a timely filed proof of claim" (A.3) (emphasis added).[4]

The purpose of permitting amendments to pleadings is to "enable a party to assert matters that were overlooked or were unknown to him at the time he interposed his original complaint or answer." Wright, Miller and Kane, *Federal Practice and Procedure*, § 1473 (1971). Often a party will amend a complaint in response to new information obtained in discovery, to correct insufficient pleadings, or for numerous

other valid reasons. A rule which permits amendments to claims in such situations has the secondary effect of increasing a party's time for filing a claim. However, bankruptcy courts are not required to permit late amendments which are primarily used as a back-door route to secure bar-date extensions. Were the rule otherwise, a party could effectively help itself to automatic extensions of the bar date without seeking leave of the court.

If the government had an unqualified right after the bar date to amend proofs of claim dramatically for any reason or for no reason at all, the bar date in bankruptcy proceedings would be meaningless. Under that view, every creditor could file grossly misleading proofs of claim and later amend those claims as of right at their leisure, whenever they decided to calculate the extent of actual debt claimed to be owed.

The bankruptcy court's need for prompt resolution of disputes necessitates a bar date for filing proofs of claim. If a creditor knows that after analyzing information which is wholly within its own control it may later seek to amend its claim drastical-

---

**4.** If the bankruptcy court elects to permit the amended proof of claim under Rule 15(a), that amended claim does relate back to the original claim as long as the amendment concerns the same kind of tax for the same tax year. F.R.Civ.P. 15(c), the other portion of Rule 15 relevant to this proceeding, states in relevant part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Applying this transaction or occurrence analysis to this case, we immediately reject the government's claim that the new 1982 tax claim for $14,445.35 relates back to the original $11,-329.93 proof of claim for 1981 and 1984 taxes. As this Court clearly stated in *Unroe*, 937 F.2d 346, just last year, "Separate years imply separate tax claims under Bankr.R. 7015." *Id.* at 349. Therefore a claim for 1982 taxes does not relate back to an original claim for 1981 and 1984 taxes.

However, the result with respect to the 1981 amendment for $2,435,078.39 is less obvious. The bankruptcy court held that under Rule 15's transaction and occurrence theory the government's proposed amendment did not relate back to its original claim because the taxes sought in

the amended claim based on disallowed deductions were "sufficiently dissimilar from the taxes claimed in the original proof of claim" (App. 5). The government counters that because its original and amended claims both involved the same type of tax, individual income tax, for the same tax year, 1981, they therefore arise out of *the same conduct, transaction or occurrence.* We agree. See *Unroe*, 937 F.2d at 349; *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1947) (stating that income taxes are levied on an annual basis and "each year is the origin of a new liability and a separate cause of action" for purposes of *res judicata*). The second proof of claim sought a tax payment different only in amount from the first. Granted, that difference in amount was drastic, but while the disparity is relevant to equitable considerations such as prejudice under Rule 15(a), it does not negate the fact that both claims arose from the same transaction. *Fidelity and Deposit Co. of Maryland v. Fitzgerald*, 272 F.2d 121, 130 (10th Cir.1959) (stating that "[a] change in the amount of the claim does not make it a new and different claim"), certiorari denied, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738. Because the amendment arose from the same transaction as the original claim, had the bankruptcy court permitted the amendment, it would have met Rule 15(c) standards for relation back.

ly, it must not keep that knowledge secret. If it does so, and later surprises the debtor or other creditors, it should not claim surprise if the bankruptcy court elects to deny the amendment.

Because amendment was not required, the judgment of the district court is affirmed.

FLAUM, Circuit Judge.

I respectfully dissent. In my judgment, the bankruptcy judge abused his discretion by not allowing the government to amend its claim. Leave to amend is to be given freely, according to both the rule (Fed. R.Civ.P. 15(a)) and the case law (*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Eades v. Thompson*, 823 F.2d 1055, 1062–63 (7th Cir.1987)).

As the majority explains at footnote 4, the amended claim relates back and therefore satisfies Rule 15(c). In this case, none of the relevant equitable factors outweighed the interest of justice in permitting the government to attempt recovery of funds to which it was entitled. No creditor has objected to the IRS' amended claim. The debtors knew of the ongoing audit, and presumably of the amount of deductions they had claimed. The amendment would not delay confirmation of a final plan; it has been long delayed by other matters. There is no evidence of bad faith on the part of the IRS. I am unable to accede to the bankruptcy judge's decision to assert prejudice on behalf of the other creditors—yet this would be the only reasonable basis for denying leave to amend. By itself, the IRS' failure to ask for an extension to amend its claim cannot provide sufficient support for the bankruptcy court's decision. (The IRS' "negligence" resulted from following the Internal Revenue manual, § 57(13) 2.463, which the bankruptcy court and the majority interpret, perhaps understandably, as treating the bar date lightly.)

Without any evidence of bad faith, or prejudice to the other creditors, or disruption of orderly discharge of the bankruptcy, the lack of an extension request is not enough to overcome the interest of justice in allowing the IRS to assert its claim.[1]

---

1. I concur in that part of the majority's opinion which rejects the government's new 1982 tax claim for $14,445.35.

