**UNITED STATES of America**

v.

**Donna Jean ROBERSON and James F. Roberson.**

**Civ. No. AMD–95–949. Bankruptcy No. 93–5–2267–SD.**

United States District Court, D. Maryland.

Aug. 30, 1995.

Gregory S. Hrebiniak, U.S. Dept. of Justice, Washington, DC, for plaintiff.

John S. Simcox, Simcox & Barclay, Annapolis, MD, for defendants.

### *MEMORANDUM OPINION*

DAVIS, District Judge.

On March 30, 1993, the debtors, Donna and James Roberson, filed separate Chapter 13 petitions in the United States Bankruptcy Court for the District of Maryland. The bankruptcy court consolidated these cases on July 26, 1993. The court set a bar date for filing proof of claims by creditors of August 2, 1993, in accordance with Bankruptcy Rule 3002(c). This is an appeal from an order by the bankruptcy court sustaining the debtors' objection to the Internal Revenue Service's

(I.R.S.) attempt to amend its proof of claim after the bar date.

## FACTS

Prior to the bar date, the I.R.S. filed a timely proof of claim in the amount of $733.73 for unpaid taxes for the year 1989. Also prior to the bar date, the I.R.S. contacted the debtors with respect to their outstanding tax liabilities for the year 1991 and began its audit of the debtors' liability for that same year. After the time for filing proof of claims had elapsed, however, the I.R.S. sent a notice to the debtors advising them that they owed taxes and penalties in the amount of $3748.00 for 1991.

On September 3, 1993, the bankruptcy court entered its order confirming the debtors' Chapter 13 plan. Over six months after the court entered its confirmation order, the I.R.S. filed an amended proof of claim for $3748.00 in taxes owed by debtors from 1991. The debtors objected to the amended proof, and on February 24, 1995, the bankruptcy court sustained the debtors' objection.

The bankruptcy court held that the I.R.S.'s additional claim for the 1991 taxes was not timely filed. Moreover, the court held that in accordance with *In re Rains*, 139 B.R. 158 (Bankr.D.Md.1992), no leave to amend should be granted because the claim was for a year other than the original claim, and was "a multiple in amount of the initial, allowed claim." The I.R.S. now appeals this decision.

This Court sits as an appellate court from a final order of the bankruptcy court. Fed.R.Bank.P. 8001. This Court has reviewed the briefs submitted by the parties. No hearing is deemed necessary. Local Rule 105.6 (D.Md.1995). As the bankruptcy court did not abuse its discretion in sustaining the debtors' objection to the I.R.S.'s amended proof of claim, the order of the bankruptcy court shall be affirmed.

---

1. In addition, the bankruptcy court in *Rains* held that "[e]quitable concerns also weigh against allowing the I.R.S.'s subsequent claim." 139 B.R. at 160. The court found that the I.R.S. was on notice of the additional claims prior to the bar and confirmation dates, and that the I.R.S. had

## DISCUSSION

Rule 7015 of the Bankruptcy Rules states that Fed.R.Civ.P. 15 is the guidepost for determining whether leave to amend a proof of claim should be granted. Rule 15 states that leave to amend "shall be freely given when justice so requires." Nevertheless, the bankruptcy court's determination as to whether to grant leave to amend a proof of claim is a matter wholly within its discretion. Thus, this Court will not disturb its decision on appeal other than for an abuse of discretion. *See In re Davis*, 936 F.2d 771, 775 (4th Cir.1991). *See also Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir.1993); *In re Roberts Farms, Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992). An abuse of discretion can occur if (1) the court fails to "actually ... exercise discretion, deciding instead as if by general rule, or even arbitrarily"; (2) the court fails to take relevant facts "constraining its exercise" of discretion into account; or (3) its decision is based on erroneous conclusions of law or fact. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993).

The case relied upon by the bankruptcy court, *In re Rains*, 139 B.R. at 158, is apposite with the present dispute. In that case, the I.R.S. had filed a timely proof of claim for taxes owed by the debtor for the years 1984 and 1985 in the amount of $13,413.82. Subsequent to the bar date and the court's entrance in the docket of an order confirming the debtor's Chapter 13 plan, the I.R.S filed an additional proof of claim in the amount of $40,465.29 for the years 1980 and 1981. The court held that because the I.R.S.'s additional claim was for different years than its initial claim, it was not an "amendment" to the existing claim; rather, it constituted a new claim altogether. *Id.* at 159–160. Furthermore, the court held that even if the additional claim did not constitute a new claim, its amount was so much greater than the original claim as not to have reasonably been anticipated, and should therefore be denied. *Id.* at 160.[1]

failed to file either a timely proof of claim or a request for an extension of time. As such, the court held that the I.R.S.'s failures were the result of "its own internal confusion," and that the agency was therefore not entitled to relief. *Id.* Any knowledge that the debtor may have

The Seventh Circuit has also taken the view that tax claims for different years constitute entirely new and different claims, and therefore are not properly viewed as amendments. *In re Unroe*, 937 F.2d 346, 349 (7th Cir.1991). The *Unroe* Court explained as follows:

> The IRS's position would permit the Service to file a claim for one tax year, and then, after the bar date, 'amend' by right the claim to include any number of additional tax years. This would defeat the bankruptcy law's purpose of affording the debtor, trustee and court timely notice of claims. *Separate years imply separate tax claims under Bankr.R. 7015.* Examples of amendments permitted under Bankr.R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim.

937 F.2d at 349 (emphasis added); *accord In re Stavriotis*, 977 F.2d 1202, 1206 & n. 4 (7th Cir.1992); *United States v. Owens*, 84 B.R. 361, 363 (E.D.Pa.1988) (mem.); *In re AM Intern., Inc.*, 67 B.R. 79, 82 (N.D.Ill.1986) (mem.). *Cf. Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719–20, 92 L.Ed. 898 (1948) (holding that with respect to income tax claims "each year is the origin of a new liability and a separate cause of action" for purposes of *res judicata* ). Therefore, based on the reasoning as set forth in *In re Rains*, it was not an abuse of discretion for the bankruptcy court to sustain the debtors' objection to the motion to amend the I.R.S.'s proof of claim.

Accordingly, the order of the U.S. Bankruptcy Court for the District of Maryland shall be affirmed. It will be so ordered by separate order entered herewith.

had of the outstanding debts was no "excuse for the I.R.S.'s failure to timely file a proof of claim for the 1980 and 1981 tax years, or to request an extension of the bar date." *Id.* at 161.