**In re Raymond C. JACKSON, Debtor.**

**Raymond C. JACKSON, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 7–88–00952.
Adversary No. 7–90–00222.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 8, 1998.

---

Robert T. Copeland, Abingdon, VA, for Plaintiff.

R. Scott Clarke, Washington, DC, for Defendant.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The issue before the Court is whether the Internal Revenue Service's amended proofs of claim are time-barred with respect to unpaid income taxes and the trust fund recovery penalty (100% penalty) against the Debt-

or for unpaid withholding taxes of RBJ Coal Co., Inc., and whether the Internal Revenue Service (IRS) shall have leave to amend its proofs of claim. On October 17, 1997, a pretrial conference was held by telephone conference call. At that time, the trial in this adversary proceeding was set for January 15, 1998. It is necessary to resolve the issues noted above prior to the trial in this matter. For the reasons set forth in this Decision and Order, the Court holds that the IRS' amendments to its claim regarding the 100% penalty will be allowed, and that the IRS' amendments to its claim regarding the income taxes will be allowed.

### Facts

On June 10, 1988, Raymond C. Jackson, the debtor in this case, filed a petition under chapter 11 of Title 11 of the United States Code. The court fixed October 12, 1988, as the last date for filing proofs of claim. The IRS filed a proof of claim, claim 2, on August 8, 1988, which listed as its sole claim an estimated unsecured priority claim of $25,-222.46 for 100% penalty in the tax period ending December 31, 1987. According to the IRS, this "estimated" claim is for the first and fourth quarters of 1987. *See* United States' Brief Re: Amendment of IRS's Claim.

On November 14, 1990, the Debtor filed his Complaint to Determine Dischargeability of a Debt, initiating this adversary proceeding. In his complaint, the Debtor alleges that RBJ Coal Co., Inc., and Kennedy Coal Corp., two companies of which the Debtor was at least a shareholder, and which he reportedly controlled, have a total combined liability "estimated to be in the amount of over $130,000.00." The complaint also alleges that the IRS asserted a claim against the Debtor for 100% penalty taxes owing on account of his prior stock ownership and control of the two corporations. *See* Complaint.

On December 4, 1990, the IRS filed an amendment to its 1988 claim, claiming $160,-187.61 for the 100% penalty for the tax periods ending March 31, 1980, March 31, 1981, and June 30, 1988, and claiming $55,658.00 for income tax and interest to the petition date for the tax periods ending December 31,

1980, and December 31, 1981.[1] The 1980 and 1981 100% penalty claims bear the following indication in the Date Tax Assessed column: ASMT PROHIBTD BNK/CD. In April 1994, the IRS amended its claim "to reflect the fact that due to the bar date the RBJ 100% penalty liability was not assessed in November, 1989, but remained assessable." *See* United States' Brief Re: Amendment of IRS's Claim.

### Discussions and Conclusions of Law

The Debtor claims that the IRS' proofs of claim filed after the October 12, 1988, bar date are "new claims which are barred by the bar date established by this Court and should not be permitted or allowed to be filed." The Debtor asks the court to view the IRS' later claims as new claims and argues that the IRS may not file new claims by calling them amended claims or by including them in amendments to proofs of claim already filed. The Debtor cites *In re Stavriotis*, 977 F.2d 1202 (7th Cir.1992), as the leading authority for this proposition. In *Stavriotis*, the IRS sought to amend its original proof of claim to increase the debtor's tax liability from $11,-132.93 to almost $2.5 million, and to add tax liability for an additional year. The court of appeals affirmed, as not an abuse of discretion, the district court's decision affirming the bankruptcy court's refusal to permit the amendments. In *Stavriotis*, the Seventh Circuit was concerned that such a dramatic increase in claim amount would be a surprise to the debtor and to other creditors. Neither concern is present here. First, the difference in *Stavriotis* between $11,000 and $2.5 million is significantly more than the difference in dollar amounts claimed in the earlier and later claims in the case at bar. Second, in his complaint, the Debtor noted an approximate $130,000 liability that the coal companies had to the IRS. While the issue of whether the Debtor is personally liable for the federal taxes remains to be determined, the Debtor was well aware of the tax liability of the coal companies. Given his knowledge of the liability, the Debtor cannot be surprised by the assertion of that liability by the IRS. Also, there is no surprise to other

creditors in this case because the IRS is the sole remaining creditor.

■ *Stavriotis* and *U.S. v. Roberson*, 188 B.R. 364, 365 (D.Md.1995) also cited by the Debtor, state that Fed.R.Bankr.P. 7015 guides in the determination of whether to grant to a party leave to amend a proof of claim. That rule directs the Court to Fed. R.Civ.P. 15, which states that leave "shall be freely given when justice so requires." Further, "the bankruptcy court's determination as to whether to grant leave to amend a proof of claim is a matter wholly within its discretion." *Roberson*, 188 B.R. at 365.

■ *In re Unroe*, 937 F.2d 346 (7th Cir. 1991), provides some guidance in determining whether to grant leave to amend. There are two bases for granting leave to amend a proof of claim: (1) equitable and (2) statutory. An equitable amendment, under 11 U.S.C. § 105(a), may be allowed when the debtor had knowledge of the potential claim or liability. Alternatively, an amendment under Fed.R.Civ.P. 15(c) "focuses on the nexus between the original claim and the amendment." *Unroe*, 937 F.2d at 350.

■ While there is case law that indicates that the IRS may not file new claims under the guise of filing amended claims (*see Stavriotis, supra*), and that "separate years imply separate claims under Bankruptcy Rule 7015" (*see Unroe, supra*), the better argument is that the IRS' amendments in this case fall under Fed.R.Civ.P. 15(c)(2), which states that

> An amendment of a pleading relates back to the date of the original pleading when
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

This Court finds that, regarding the trust fund penalty, the same set of circumstances and conduct led to the original and amended claims. The non-payment of the trust fund taxes arose from the ongoing acts or omis-

---

1. This claim is the IRS' "Amendment #2 to Proof of Claim Dated 08/04/88 [filed August 8, 1988]." The Debtor apparently stated no posi-tion with respect to the IRS' first amendment to its claim, which is dated July 27, 1989, and was filed on July 31, 1989.

sions of RBJ Coal. Through its investigation, the IRS determined that the coal company did not pay its trust fund taxes. The IRS then assessed the 100% penalty for those periods for which payment was not received—all because the coal company continued to fall to pay its employment taxes.

Regarding the claim for income taxes, it will be allowed as an equitable amendment because the Debtor had knowledge of this potential claim.

For the reasons stated in this Decision and Order, it is

ORDERED:

That the IRS' amended proofs of claim numbered 12, for $87,197.97, and numbered 16 and 17, for a total of $228,680.61, are not time-barred and are deemed filed in a timely manner. Claim numbered 13, for $228,-680.61, is duplicative of claims 16 and 17 and, therefore, shall not be allowed.