**Marvin SANDERS, Plaintiff–Appellant,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL–CIO, Defendant–Appellee.**

No. 00–1874.

United States Court of Appeals, Seventh Circuit.

Submitted April 23, 2001.*

Decided April 26, 2001.

---

1. We do not find it necessary to reach the various other grounds for affirmance urged by the defendants.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Marvin Sanders sued the International Union of Operating Engineers, Local 150 ("the Union"), claiming race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 after he was denied admission into the Midwest Operating Engineers Apprenticeship Program. The Union moved for summary judgment, and instead of opposing the motion, Sanders requested leave to pursue new state claims for spoliation of evidence that, according to Sanders, was crucial to his discrimination claims yet had been destroyed by the Union. Sanders also moved to strike portions of the Union's Local Rule 56.1 statement and sought permission to file his own untimely Local Rule 56.1(b) statement, not to forestall summary judgment on his failed discrimination claims, but to avoid conceding facts that could adversely affect his proposed amended complaint. The district court denied leave to amend and the motion to strike, accepted Sanders's late Rule 56.1(b) statement, and granted summary judgment to the Union. Sanders appeals, arguing only that the district court should have allowed him to amend his complaint and should have granted his motion to strike.

Sanders had initially applied to the apprenticeship program in 1979 and, after completing the admission test, was told that he was eligible for consideration. His name was placed on a constantly updated list of applicants sorted by test score, and

he was informed he would be contacted when his name moved to the top of the list. In 1987 program administrators invited Sanders, along with hundreds of other applicants, to try for a higher test score in order to better his chances of gaining admission to the program. Sanders was late to four of the five training days and skipped one day altogether. Sanders scored so poorly on the five-day evaluation that he was told his chances of being admitted into the program were extremely low. But his name remained on the apprentice applicant's waiting list until 1994, when it was finally removed along with 277 other names. Of the 278 applicants removed from the list, approximately 12.5% were black. Sanders was told he was welcome to reapply and try improving his test scores.

On August 22, 1997, after exhausting his administrative remedies and receiving a right-to-sue letter from the EEOC, Sanders filed suit in federal court alleging that race discrimination prompted his removal from the apprentice applicant list. The district court enlisted counsel to assist Sanders, and after counsel filed an amended complaint, the parties engaged in discovery until the middle of 1999. When settlement discussions failed, the district court set a summary judgment briefing schedule. Sanders never filed a response to the Union's motion for summary judgment; instead, he filed the series of motions discussed above.

■ Sanders first argues that the district court erroneously denied him leave to amend his complaint to add two state-law claims for spoliation of evidence. We review a district court's decision to deny leave to amend for an abuse of discretion. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir.2001). Although leave to amend should be freely granted when justice so requires, *see* Fed. R.Civ.P. 15(a), a district court may properly deny leave when there exists undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany*, 241 F.3d at 861.

■ In this case the district court concluded that Sanders's attempt to amend his complaint after the close of discovery would prejudice the Union and cause undue delay in the proceedings. First, the district court reasoned that Sanders's proposed amendment was an improper " 'change in direction' in the face of a summary judgment motion" that would prejudice the Union. The Union would be required to undergo the time and expense of litigating a new issue, and discovery would have to be reopened in the midst of briefing on dispositive motions. *See Ferguson v. Roberts*, 11 F.3d 696, 706–07 (7th Cir.1993). As for delay, the district court noted that Sanders had over eighteen months during discovery to uncover and bring new claims. Sanders failed to provide the court with a valid reason for his failure to seek leave earlier, and the district court concluded that this also was also a sufficient reason to deny Sanders's motion. *See In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992). We see no abuse of discretion in either conclusion.[1]

Finally, Sanders argues that the district court erred when it refused to grant his motion to strike portions of the Union's Local Rule 56.1(a) statement of facts be-

1. The Union also argued at summary judgment that amendment would be futile because intentional spoliation of evidence is not recognized as a separate cause of action under Illinois law and Sanders could not meet the standards for a claim of negligent spoliation. Sanders disputes the Union's futility argument on appeal, but since the district court expressly declined to decide the case on futility grounds, we need not reach that issue.

cause certain exhibits underlying the statement were inadmissible hearsay. To the extent that Sanders pursued the motion to strike to preserve his spoliation claims, those objections are no longer relevant given our holding that the district court properly denied leave to amend. For the foregoing reasons, we AFFIRM.