**In re BLUE DIAMOND COAL COMPANY, Debtor.**

**SOUTHERN LABOR UNION, LOCAL 188, Appellant,**

v.

**BLUE DIAMOND COAL COMPANY, Appellee.**

Bankruptcy No. 91–32611.
No. 3:93–cv–20.

United States District Court,
E.D. Tennessee,
at Knoxville.

Oct. 26, 1993.

Hardy, Logan, Priddy & Cotton, Alton D. Priddy, Louisville, KY, Branstetter, Kilgore, Stranch & Jennings, Jan Jennings, Nashville, TN, for appellant, Southern Labor Union.

Hodges, Doughty & Carson, Thomas H. Dickenson, Arnett, Draper & Hagood, Lewis R. Hagood, Knoxville, TN, for debtor and appellee, Blue Diamond Coal Co.

### *MEMORANDUM OPINION*

JARVIS, Chief Judge.

This is an appeal from an order of the Bankruptcy Court, 147 B.R. 720. The appeal arises from a proof of claim filed by the appellant, Southern Labor Union, Local 188 (the "Union"), to recover damages allegedly arising from rejection of a collective bargain-

ing agreement.[1] The Union's proof of claim, as amended, in the Bankruptcy Court sought damages of approximately $20 million against the appellee in this matter, Blue Diamond Coal Company ("Blue Diamond").

The Bankruptcy Court rejected the Union's claim, holding that 11 U.S.C. § 1113, which allows rejection of a collective bargaining agreement, does not provide or authorize a labor union or employees to assert a claim for damages under 11 U.S.C. § 365 or § 501 for breach of an executory contract. The Bankruptcy Court reasoned that, as an entity asserting a claim for damages as a result of the rejection of the collective bargaining agreement, the Union is not a "creditor" as defined by 11 U.S.C. § 101(10)(B) and, as a result, is not entitled to file a claim.

After Blue Diamond submitted a plan of reorganization to the Bankruptcy Court, the Union objected to the plan and alternatively sought to stay the implementation of the terms of the plan pending appeal of the Bankruptcy Court's decision regarding its proof of claim. The Union also sought a stay of the implementation of the plan pending resolution of its appeal to the Sixth Circuit which, as noted above, was voluntarily dismissed in March of 1993.

After a hearing, the Bankruptcy Court allowed the Union to withdraw its objection to the plan of reorganization and, on December 8, 1992, denied the Union's motion to stay implementation of the plan pending appeal.

The reorganization plan was subsequently confirmed by the Bankruptcy Court by order entered December 11, 1992, and the Union did not appeal the confirmation order. In addition, the Union did not appeal the Bankruptcy Court's order of December 8, 1992, denying its motion for a stay of the implementation of the plan of reorganization. Because the Union did not appeal either of these orders, Blue Diamond has moved to dismiss this appeal on mootness grounds. Specifically, Blue Diamond contends that the appeal should be dismissed because of the Union's failure to obtain a stay from the implementation of substantial consummation of the plan of reorganization. This threshold issue must be considered before turning to the merits of the Union's appeal.

The Union contends that the appeal should not be dismissed for mootness because it had minimal assets and thus could not afford to post even a minimal bond to stay implementation of the plan pending an appeal. The Union does not, however, present any evidence to support this contention, instead merely relying upon unspecified colloquy between counsel for the Union and the bankruptcy judge. The Union also argues that the extent of the consummation of Blue Diamond's plan of reorganization has not been established in the record and that, even if substantial consummation has occurred, the relief it seeks with its proof of claim would not tend to disturb the *status quo* if the Bankruptcy Court considered its proof of claim.

■ The Supreme Court has described the mootness doctrine as follows:

[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatsoever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing in the record, may be proved by extrinsic evidence.

*Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895). Other courts have held that where performance under a reorganization plan is allowed to proceed to a point "beyond any practicable appellate annulment" an appeal is rendered moot. *Rochman v. Northeast Utility Service Group (In re Public Service Company of New Hampshire),* 963 F.2d 469, 473 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 304, 121 L.Ed.2d 226 (1992). *See also Trone v. Rob-*

---

1. As a matter of background, this court, in an opinion and order dated April 20, 1992, affirmed the Bankruptcy Court's order authorizing the appellee to reject the collective bargaining agreement between it and the Union. The Union appealed this court's determination to the Sixth Circuit Court of Appeals. After the case was briefed, but before oral argument, the Union voluntarily dismissed its appeal in the Sixth Circuit by order dated March 3, 1993.

*erts Farms, Inc. (In re Roberts Farms, Inc.),* 652 F.2d 793, 798 (9th Cir.1981). The test of whether implementation of a reorganization plan has proceeded beyond practicable appellate annulment is held to be the point at which the plan has been substantially consummated. *Id.* 11 U.S.C. § 1101(2) provides as follows:

> (2) "Substantial consummation" means—
>> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>> (C) commencement of distribution under the plan.

Blue Diamond has submitted the affidavit of its vice-president, K. Roger Foster, seeking to show that substantial consummation of its plan of reorganization has taken place. Foster's lengthy affidavit demonstrates that Blue Diamond has obtained loans, including a $7.5 million loan on January 22, 1993, restructured millions of dollars in debt, received a $3 million capital infusion, paid off other loans, executed a new master lease, issued stock to unsecured creditors, and made payments to the United States Department of Labor, all in furtherance and consummation of the plan of reorganization. Such substantial consummation raises a "strong presumption" that an appeal is moot and should be dismissed. *See In re AOV Industries, Inc.,* 792 F.2d 1140, 1149 (D.C.Cir.1986). Consequently, as a result of the comprehensive changes brought about by confirmation and implementation of Blue Diamond's plan of reorganization, I am of the opinion that effective relief is no longer available to the Union.

The Union nevertheless argues that the court should ignore the amount of its proof of claim (approximately $20 million), and instead speculate as to the actual value of the claim under the peculiar facts of this case. However, even if the amount of the Union's claim is less than $20 million, the importance of the value of the Union's claim pales in comparison to the chaotic situation that would result if the court remanded this case to the Bankruptcy Court. A transfer of all or substantially all of the property proposed by Blue Diamond's plan of reorganization has taken place. No effective judicial relief could be given in such circumstances,[2] since the Bankruptcy Court would be faced with "'a nightmarish situation'", ... making "reconstructive relief extremely improbable." *Rochman v. Northeast Utility Service Group,* 963 F.2d at 474 (quoting *In re Texaco, Inc.,* 92 B.R. 38, 50 (S.D.N.Y.1988)). Substantial consummation of the plan having taken place, therefore, it is my opinion that the appeal is moot.

■ Even assuming, *arguendo,* that the appeal is not moot, I conclude that the Bankruptcy Court correctly held that 11 U.S.C. § 1113 effectively withdrew the rejected collective bargaining agreement from the rubric of 11 U.S.C. § 365 and § 501. There is no dispute between the parties that Congress enacted § 1113 in order to eliminate collective bargaining agreements from the framework of § 365, which generally allows a trustee or a debtor in possession to reject executory contracts.

■ Subsection (a) of § 1113 provides, in part, that: "[t]he debtor in possession, or the trustee ... may assume or reject the collective bargaining agreement *only in accordance with the provisions of this section.*" (Emphasis added). The emphasized language demonstrates that § 1113 is not merely a procedural statute as contended by the Union. Rather, § 1113 contains both procedural and substantive elements, and is the exclusive statute controlling "the rejection of collective bargaining agreements in Chapter 11 proceedings." *Century Brass Products, Inc. v. International Union* (In re Century Brass Products, Inc.), 795 F.2d 265, 272 (2d Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 433, 93 L.Ed.2d 383 (1986).

The Union's proof of claim, which was dismissed by the Bankruptcy Court, claimed damages in an amount equal to the wages each of the 286 bargaining unit employees

---

**2.** The only remaining distributions yet to be made under Blue Diamond's plan of reorganiza-

tion involve payments over time which are specifically permitted by the plan.

and members of the Union is projected to lose as a result of certain interim changes to and subsequent rejection of the collective bargaining agreement. When the Bankruptcy Court allowed the collective bargaining agreement to be rejected by the debtor pursuant to § 1113, it specifically found that the debtor could not otherwise survive and reorganize. Similarly, the Bankruptcy Court in this case concluded that if the Union were allowed to proceed with its claim and if it were successful, the same result would be obtained—Blue Diamond would be effectively driven out of business. This scenario lends support to the argument that when Congress enacted § 1113, it intended that no claim for damages for rejection of such an agreement would be allowed. Pursuant to § 1113(b) and (c), a debtor may now reject a collective bargaining agreement only if it is necessary for reorganization. As the Bankruptcy Court recognized, if rejection is truly necessary, then allowing a claim for damages, especially if the amount of that claim represents lost future wages and benefits, would necessarily assure the failure of the reorganization.

Finally, the Bankruptcy Court concluded, and I agree, that Congress' intent need not be gleaned apart from the unambiguous language in the controlling statute itself. *See Consumer Products Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Therefore, even if this appeal had not been rendered moot by the substantial consummation of Blue Diamond's plan of reorganization, the order of the Bankruptcy Court disallowing the Union's claim for damages for rejection of the collective bargaining agreement will be affirmed.

Order accordingly.