**In re Pearl Lee McMILLAN, a/k/a Pearl Brown, a/k/a Pearl Davis, Debtor.**

**Bankruptcy No. 94–13221 DWS.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 7, 1995.

---

Robert F. Salvin, Philadelphia, PA, for debtor.

Joan P. Brodsky, Federman and Phelan, Philadelphia, PA, for Bank of America.

Edward Sparkman, Chapter 13 Trustee, Philadelphia, PA.

Joseph Minni, U.S. Trustee, Philadelphia, PA.

### MEMORANDUM OPINION

DIANE WEISS SIGMUND, Bankruptcy Judge.

Before the Court is the Debtor's Amended Objection (the "Objection") to Amended Proof of Claim (the "Amended Claim") filed by Bank of America ("Claimant"). Hearing on the Objection was held on January 12,

1995 after which the parties submitted their briefs in support of their respective legal positions.[1] The Objection requests the Court to disallow the Amended Claim insofar as it seeks pre-petition arrears of $6808.64 which were first identified in the Amended Claim, contending that the arrears are a new claim filed after the bar date and not a permissible amendment. Additionally Debtor specifically objects to certain components of the arrears, to wit sheriff's sale charges of $800.00, legal fees of $624.63 and title report charges of $211.00. Claimant concedes that the money deposited with the sheriff was subject to refund because the sheriff's sale did not occur and has reduced its claim by $446.13, the amount of the refund. For the reasons discussed below, we deny the objection except insofar as it seeks to reduce attorney's fees which we will allow in the amount of $250.00.

## I.

*Pre-petition Arrears.* On October 4, 1994 Claimant filed a timely proof of secured claim (the "Original Claim") in the amount of $22,-987.94 based on a debt incurred by Debtor on March 30, 1979 secured by a mortgage (the "Mortgage") on certain premises located at 4433 North 8th Street, Philadelphia, Pennsylvania 19140. The Mortgage was attached to the Original Claim which also recited that a judgment was obtained on April 11, 1994. Also attached to the Original Claim was a Statement of Amount Due which expressly stated, consistent with the face of the Original Claim, that there were no pre-petition arrearages. On November 10, 1994, after the bar date had passed, Claimant filed the Amended Claim *reducing* the amount claimed in the Chapter 13 case to $6,808.64 and the total amount claimed under the Mortgage to $18,669.99, including the $6,808.64 in arrearages. Like the Original Claim, the Amended Claim identifies a debt incurred on March 30, 1979, a judgment obtained on April 11, 1994 and the Mortgage.

The attached Statement of Amount Due explains the various components of the total claim as well as the parts attributable to the claimed arrearages.

Claimant's counsel has explained that the filing of the Amended Claim was prompted by a review of the Debtor's Chapter 13 Plan which revealed that the Debtor did not intend to pay off the total debt under the Plan but rather intended to pay off the arrearages. Since the Debtor's Chapter 13 Plan is not part of the record of this matter and counsel's statements are not evidence, we give no weight to this explanation. However, reviewing what is in the record we will allow the Amended Claim for the arrearages.

■ A comparison of the Statement of Amount Due attached to the Amended Claim to the Statement of Amount Due attached to the Original Claim reveals that all of the amounts included in the breakdown of the arrears were included in the breakdown of indebtedness in the Original Claim other than $128.10 in late charges and an additional $299.13 in interest on the arrears. On the other hand, the recalculation of the total indebtedness under the Mortgage as set forth in the Amended Claim has resulted in a reduction in the claim for interest over the life of the Plan of $3,339.76. Debtor appears to accept the benefit of Claimant's recalculation and reduction of the total indebtedness set forth in the Original Claim as a result of its subsequent discovery of the arrearages. Yet it presses the Court to disallow $6,808.64 of the Amended Claims as an impermissible new claim for arrears.

■ It is a well accepted proposition that amendments to proofs of claim should be freely permitted absent prejudice to the debtor or contrary equitable considerations. *U.S. v. Owens,* 84 B.R. 361, 363 (E.D.Pa. 1988).

---

1. Debtor has objected to Movant's letter brief as going beyond the Court's authorization for post-hearing submissions by analyzing the cases it cites in support of its position rather than just providing citations. The request for legal authority from counsel was made to assist the Court in its determination of the Objection. The application of the cases to the matter sub judice is consistent with the Court's request and counsel's interpretation of a permissible submission we find too narrow and counter-productive to the achieving the purpose of a post-hearing submission. We agree with Debtor's counsel, however, insofar as the submission seeks to supplement the record with "facts" not introduced at the hearing on the Objection.

Amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.

*U.S. v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213, 1217 (11th Cir.1985). However, such amendments are to be permitted "only where the original claim prompted notice to the court of the existence, nature, and amount of the claim." *Owens*, 84 B.R. at 363 (quoting *International Horizons*). And where, as here, the amendment is filed after the bar date, the court must review it carefully to determine whether or not in reality it asserts a new claim. *Id.*

Applying the above principles to the instant dispute, we have no difficulty finding that the Amended Claim is indeed an amendment to the Original Claim and not a new claim. The Original Claim prompted notice to the court of the existence of a claim arising out of a debt incurred on March 30, 1979 secured by the Mortgage and subject to a judgment dated April 11, 1994. The Amended Claim arises out of the same debt and is based on the same security. The amount of the Original Claim is greater than the amount of the Amended Claim, a fact which surprisingly Debtor does not applaud. The sole difference between the Original and Amended Claims is Claimant's recognition that certain of the components of the Original Claim should be identified as arrears. The consequence is that they must be dealt with in the Chapter 13 Plan. On the other hand, the recalculation of the claim recognizes a total reduction in the amount that Debtor must pay to satisfy the secured indebtedness on the property.

■ We are somewhat at a loss to understand the prejudice allegedly visited upon Debtor by the filing of the Amended Claim which we note occurred a mere one month after the Original Claim was filed. Debtor's counsel acknowledged the Debtor's aware-

ness of the arrearages and indeed would have been hard pressed to contend otherwise given the judgment taken on April 11, 1994. Nonetheless, Debtor's counsel states that based on the Original Claim that contained no arrears a Chapter 13 Plan was formulated and filed. Debtor has not offered that Plan as part of the record so we are unable to make the leap from that argument by counsel to a finding of prejudice sufficient to preclude amendment of a claim. Absent a finding of prejudice or some other equitable reason to bar amendment, we find the Amended Claim allowable insofar as it is changed to account for the arrearages.

## II.

■ *Counsel Fees and Title Report Costs.* Debtor objects to the claim insofar as it seeks counsel fees of $624.63 as unreasonable charges for a "simple noncontested residential foreclosure." She states that an appropriate charge is $250.00. Claimant's counsel argues that the actual fees were even higher, that the fees for this work are set by Federal National Mortgage Association ("FNMA") and Federal Home Loan Mortgage Association ("FHLMA") which at the time of this work were $650.00 and that the claimed amount is even less than both the actual time based on hourly charges and the standard fee allowed because the Mortgage caps the fee at 5% of the loan or in this case $624.63. The foregoing explanation with supporting facts was first submitted as part of Claimant's post-hearing letter brief which as we have stated above will not be considered as part of the record of this matter.[2]

■ The Debtor appears to concede Claimant's entitlement to attorney's fees, the objection only addressing their reasonableness. While the basis of such entitlement is not identified, we are guided by Pennsylvania Act 6 of 1974, 41 P.S. § 406 as the applicable state law. *In re Smith*, 76 B.R. 426, 430 (Bankr.E.D.Pa.1987). Act 6 allows a residential mortgage lender such as Claimant to

2. Because the FNMA and FHLMA fee schedules were not made part of the record of this Motion, we did not address the relevance of these sched-

charge the debtor with its actual[3] and reasonable attorneys' fees. A determination of reasonableness requires the Court to engage in a lodestar analysis which takes into consideration the number of hours reasonably expended times a reasonable hourly rate increased or decreased depending upon any additional factors involving case contingency or work product quality. *Id.* at 431 (citing Third Circuit Task Force, *Court Awarded Attorneys' Fees,* 108 F.R.D. 237, 243 (1985)). As stated above, Claimant failed to make an evidentiary record regarding the time and rate and actual services rendered in connection with its foreclosure action. Without any basis to evaluate the reasonableness of the charges for attorneys' fees, we can do no more than allow what the Debtor has admitted is reasonable, i.e., $250.00.

Debtor's counsel also argued that $211.00 was not a reasonable charge for the costs of title reports since the Claimant had previously done a title report. Claimant's counsel argued that the original title report costing $156.00 had to be supplemented by a "bringdown" ($55.00) in order to provide notice to all lienholders of the impending sheriff's sale. Because Debtor did not object to the cost of the original title report and because the need for the "bringdown" seemed reasonable under the circumstances, we will allow the claim insofar as it seeks reimbursement of $211.00 for title reports.

An order consistent with the foregoing Memorandum Opinion will be entered.

### ORDER

**AND NOW,** this 7th day of February, 1995, upon consideration of the Debtor's Amended Objection to Amended Proof of Claim filed by Bank of America, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. The objection is **GRANTED** with respect to the counsel fees component of the claim and **DENIED** otherwise; and

2. Bank of America is **ALLOWED** a secured claim in the amount of $6,434.01.

---

ules to a determination of reasonableness in a bankruptcy case. *See Smith,* 76 B.R. at 432.

**3.** There is no contention that the attorneys' fees were not incurred.