ENJET, INC.

v.

MARITIME CHALLENGE CORP.

In re ENJET, INC.

Civ.A. No. 96–3419.

United States District Court,
E.D. Louisiana.

May 7, 1998.

Betty Finley Mullin, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Maritime Challenge Corp.

John Michael Duck, Adams & Reese, Emile Louis Turner, Jr., Turner, Young, Hebbler & Babin, New Orleans, LA, for Enjet Inc.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is creditor-appellant Maritime Challenge Corp.'s appeal in the bankruptcy case of *In re Enjet, Inc.* Maritime Challenge seeks review of the September 23, 1996 Order of the United States Bankruptcy Court for the Eastern District of Louisiana granting debtor-appellee Enjet, Inc.'s Motion for Leave to File Amended Objection. For the reasons that follow, the judgment of the bankruptcy court is reversed.

### Background

Enjet, Inc. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 3, 1995. On April 3, 1995, Maritime Challenge filed an itemized Proof of Claim for $319,133.78 it claimed Enjet owed in connection with Enjet's charter of the S/S COVE TRADER from Maritime.[1] Of this amount, $180,000 represented a vessel cleaning charge for work performed between October 3 and October 16, 1994.

On October 27, 1995, the bankruptcy court confirmed Enjet's First Amended Plan of Reorganization, which contained a claim objection deadline of 90 days following entry of the confirmation order. The court's order on November 6, 1995 set a February 5, 1996 deadline for filing objections to claims.

On the day of the deadline, Enjet filed an objection to Maritime Challenge's claim solely on the following basis: Maritime Challenge unilaterally set-off $175,074.89 from a total indebtedness of $494,208.67 owed by Enjet after confirmation, and therefore violated Enjet's automatic stay.[2] Although the court sustained Enjet's objection on April 3, 1996, it later granted Maritime Challenge's Motion for Reconsideration/New Trial and vacated its prior ruling.

On August 22, 1996, Enjet filed a motion for leave to filed an amended objection to Maritime Challenge's Proof of Claim. Enjet objected, for the first time, to the $180,000 cleaning charge Maritime Challenge had assessed, maintaining that "it [wa]s not contractually or otherwise obligated to [Maritime Challenge] for costs incurred to clean the holds of the S/S COVE TANKER." Alternatively, Enjet urged it was "not obligated or responsible for the cost of cleaning since only [certain contractually permitted products] were carried on the vessel." Maritime Challenge opposed the motion for leave to file the amended objection; the lapse of the February 5 deadline, it contended, rendered any new objections time-barred. The bankruptcy court granted Enjet's motion, finding that the amendment related back to the filing date of the original objection and was timely. Further, the court ruled, the objection had not been set for trial, obviating any prejudice to Maritime Challenge. Maritime Challenge timely appealed the bankruptcy court's September 23, 1996 order.

### Law And Application

#### I. *Standard of Review*[3]

■ This Court functions as an appellate court when reviewing a bankruptcy court's

---

1. As stated in the Proof of Claim, this figure reflected Enjet's $494,208.67 debt to Maritime, subject to a pre-petition set-off of $175,074.89.

2. The objection stated more fully:

   Enjet objects to Claim No. 73 filed on or about April 3, 1995 in the amount of $319,133.78 for the following reasons:
   (a) As reflected on this Proof of Claim, the creditor unilaterally set-off $175,074.89 from a total indebtedness of $494,208.67 owed by Enjet. This creditor never obtained stay relief or otherwise received Court authority to effectuate the attempted set-off. Furthermore, pursuant to the confirmed Plan in this proceeding, any creditor allegedly holding set-off rights was required to move for relief to exercise

   same prior to confirmation. As a result, the set-off attempted by this creditor is invalid. Proof of Claim No. 73 should be disallowed until such time as Enjet has received all amounts due Enjet as a result of the attempted offset, and thereafter, the claim should be recognized as an allowed unsecured non-priority claim in the amount of $494,208.67.

3. The parties initially skirmish over jurisdictional issues, including whether the bankruptcy court's judgment constitutes an interlocutory or final order. The Court finds appellate jurisdiction is proper under 28 U.S.C. § 158(a), which vests district courts with jurisdiction over appeals "from final judgments" *and* "from interlocutory orders ... of bankruptcy judges entered in cases

decision. *See Webb v. Reserve Life Ins. Co.,* 954 F.2d 1102, 1103 (5th Cir.1992). The standard of review depends on whether a finding of fact or conclusion of law is at issue. Bankruptcy Rule 8013 instructs that a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous." *See also Webb,* 954 F.2d at 1103. Conversely, the bankruptcy court's\ conclusions of law "are freely reviewable on appeal." *Wilson v. Huffman (In re Missionary Baptist Foundation of America),* 818 F.2d 1135, 1142 (5th Cir.1987), *quoting In re Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir.1980). To the extent equitable considerations govern a bankruptcy court's decision to allow amendments to objections to proofs of claim, such a decision is reviewed for abuse of discretion. *See In re Kolstad,* 928 F.2d 171, 173 (5th Cir.), *cert. denied,* 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991)(reviewing bankruptcy and district courts' equitable allowance of amendments to proof of claim under the abuse of discretion standard). In this case, Maritime Challenge's assertion of error on appeal infers the de novo standard of review with respect to the bankruptcy court's relation back analysis, and the abuse of discretion standard for its determination regarding prejudice. *See Wilson,* 818 F.2d at 1142; *In re Kolstad,* 928 F.2d at 173.

### III. *Analysis*

#### A. *Relation Back of Enjet's Amended Objection*

Maritime Challenge first contends that the bankruptcy court mistakenly held that Enjet's otherwise untimely amended objection related back to its original objection to Maritime Challenge's proof of claim. The defense asserted in the amended objection, Maritime Challenge argues, does not arise out of the "conduct, transaction, or occurrence set forth ... in the original pleading," the trigger for relation back under Fed.R.Civ.P. 15(c).[4] Enjet responds in several respects: (1) Bankruptcy Rule 7015 (and consequently Rule 15(c)) does not apply because an objection to

and proceedings referred to the bankruptcy judges."

4. Bankruptcy Rule 7015 incorporates Rule 15 in adversary bankruptcy proceedings.

a proof of claim initiates only a "contested matter," not an "adversary proceeding;" (2) the amended objection is a specific challenge to the proof of claim that relates back to the general objection that was timely made.

■ Initially, the Court determines that Rule 7015 and Rule 15(c) apply to this case. Enjet correctly points out that "the filing of an objection to a proof of claim ... is a contested matter," not an adversary proceeding. *See* Advisory Committee Note to Bankruptcy Rule 9014; *In re Calisoff,* 94 B.R. 1002, 1004 n. 2 ("An objection to a claim does not give rise to an adversary proceeding (unless the objection seeks relief other than disallowance of the claim), but to a contested matter."). However, several factors counsel in favor of Rule 7015 and Rule 15(c)'s application. First, a "court may at any stage in a particular matter direct that one or more of the other rules in Part VII [which includes Rule 7015] shall apply." *See* Bankruptcy Rule 9014. Second, both parties have invoked Rule 7015: Maritime Challenge explicitly urges its application, and Enjet based its request for leave to file the amended objection upon it. *See In re Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992) (applying relation back doctrine to contested matter partly because "the district court applied Rule 7015 and both parties agree that this Court should apply Rule 7015 as well"). Finally, numerous courts have applied Rule 7015 and Rule 15(c) explicitly or by analogy in non-adversary proceedings. *See, e.g., id.* at 1206 n. 4; *In re Unroe,* 937 F.2d 346, 349 (7th Cir.1991); *In re Limited Gaming of America, Inc.,* 213 B.R. 369, 373 n. 3 (Bankr.N.D.Okla.1997); *In re Best Refrigerated Express, Inc.,* 192 B.R. 503, 506 (Bankr.D.Neb.1996); *In re Blue Diamond Coal Co.,* 147 B.R. 720, 725 (Bankr. E.D.Tenn.1992), *aff'd,* 160 B.R. 574 (E.D.Tenn.1993); *In re City of Capitals, Inc.,* 55 B.R. 634, 637 (Bankr.D.Md.1985). For these reasons, the Court finds the relation back doctrine applies to Enjet's amended objection.[5]

5. Enjet's suggestion that Bankruptcy Rule 3007 should govern whether an amended objection is timely lacks merit. As the Fifth Circuit has recognized, Rule 3007 "establishes no time limit for objecting to the allowance of a claim"—hardly a

Applying these rules, the Court is not persuaded that the amended objection relates back to its timely predecessor. Enjet's defense in the amended objection simply cannot be reconciled with its position in the original objection. Enjet originally conceded its $494,208.67 indebtedness to Maritime Challenge, objecting only to what it considered was an invalid post-petition set-off. In contrast, the amended objection attacked the validity of a specific charge for cleaning. The flat inconsistency between the original and amended objection precludes relation back.[6] *See also In re Solari*, 63 B.R. 115, 117 (9th Cir. BAP 1986) (rejecting an amended proof of claim's relation back because it "does not purport to cure a defect in the timely filed claim, nor does it describe the [original] claim with greater particularity"); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985) (rejecting relation back of an amendment whose purpose was not "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim"). Conceptually, relation back in this context should be defined by some traceable relationship to the same bundle of facts that initiated the original objection to the proof of claim. That relationship is absent here.

### B. *Prejudice to Maritime Challenge*

Seeking to blunt the relation back analysis with an appeal to equity, Enjet asserts that negligible prejudice results from allowing the amended objection to be filed. Indeed, Enjet argues, Maritime Challenge "is merely attempting to avail itself of a procedural technicality in order to avoid proving the validity" of its claim. Because the creditor had notice from Enjet's first objection that its proof of claim had been disputed, the argument continues, the bankruptcy court did not err in permitting the amended objection.

The Court finds the bankruptcy court's determination that Maritime Challenge would not be prejudiced by the amended objection was an abuse of discretion. The Court agrees with Maritime Challenge that the amended objection's failure to relate back under Rule 15(c) obviates the need to assess prejudice. But even if prejudice could be considered, the Court would emphasize that Maritime Challenge had no notice that the cleaning charge would be disputed until many months after the bar date for objections.

For the foregoing reasons, the September 23, 1996 judgment of the United States Bankruptcy Court for the Eastern District of Louisiana is reversed and remanded for proceedings that comport with this Court's opinion.

standard by which to evaluate the propriety of such an objection. *See In re Simmons*, 765 F.2d 547, 553 (5th Cir.1985).

6. Enjet's interpretation that a general objection to a proof of claim "plac[es] the parties on notice that litigation is required to resolve an actual

dispute," *In re Simmons*, 765 F.2d at 552, would undermine Rule 15(c). A debtor could then use a timely general objection as a springboard for specific and even inconsistent objections that the creditor would have no reason to anticipate. The rule prevents this result.