### In re MK LOMBARD GROUP I, LTD., Debtor.

### No. 02–36936 SR.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 4, 2003.

Bonnie R. Golub, Kenneth E. Aaron, Salene R. Mazur, Weir & Partners, LP, Philadelphia, PA, Jason W. Staib, Blank, Rome, Wilmington, DE, for Debtor.

Allen B. Dubroff, Elkins Park, PA, for Petitioning Creditors.

George Conway, Philadelphia, PA, U.S. Trustee.

### OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### *Introduction*

Before the Court is the Objection of Philip Lombard Street, LP to the Proofs of Claim Nos. 31 and 66 of the Abbotts Square Condominium Association. A hearing on the Objection was held on November 6, 2003, at which the parties were given the opportunity to present evidence and make oral argument. Thereafter, the matter was taken under advisement. For the reasons set forth below, the Objection to both claims is sustained.

### *Factual Background*

The Condominium Association has filed two Proofs of Claim in this case. The first (# 31) was filed prior to the bar date, in an unliquidated amount and without a description of the claim or supporting documentation. The second (# 66) was filed after the bar date purporting to amend the deficiencies of the first.

Philip Lombard Street LP [1] (PLS) has objected to the allowance of both claims.

---

1. Under the confirmed plan, PLS has the power to review and object to claims. Amended Plan, Art. 7.5.

As to the first claim, PLS argues that it is not self-sustaining in that it fails to provide any information about the claim. Objection, ¶ 13. The challenge to the second is based on the invalidity of the first: because the second claim is untimely, it can be allowed only if it relates back to the facts supporting the first claim. But as the first claim lacks a cognizable basis for recovery, PLS concludes, there is nothing that the second claim can relate back to. *Id.,* ¶ 14.

For its part, the Association relies on the generally accepted principle that amendments are liberally allowed. Response, ¶ 14. Where, as here, the second claim merely corrects ambiguities in the first claim, the second relates back to the first to be deemed timely filed. *Id.,* ¶ 15.

*Analysis*

As PLS' challenge to both claims is based upon the invalidity of the first claim, an analysis of the requirement for filing a claim follows.

For an unsecured claim to be allowed, the "unsecured creditor ... must file a proof of claim ...." B.R. 3002(a).[2] Bankruptcy Rule 3001 sets out the required contents of a proof of claim. 9 *Collier on Bankruptcy* ¶ 3001.01 (Matthew Bender 15th ed. Revised).[3] A leading commentator has summarized the requirements as follows:

> By making reference to the appropriate official form, Rule 3001 provides a description of a proof of claim. The proof must be in writing; set forth the credi-

tor's claim; be executed by the creditor or an authorized agent; attach writings on which a claim ... is based ...

*Collier, supra, id.* Does Claim # 31 conform to those requirements?

██ About all that can be said in favor of Claim # 31 is that it used the Official Form[4] and that it was signed by an authorized agent. *See* B.R. 3001(b). Other than that, the claim is seriously deficient. First, it fails to "set forth [the] ... claim." B.R. 3001(a). In the box entitled *Basis for Claim* the Association has checked the box *Other* but has failed to provide an explanation on the blank line next to that word. Second, it fails to attach a "writing." In the box containing instructions with regard to accounting for credits, attaching supporting documentation, and requesting return copies, a claimant is instructed to attach copies of any supporting documentation or, if such paperwork is not available, then explain why he can't.[5] Nothing is attached to Claim # 31—no writing or an explanation for the lack of one.[6] As it completely fails to inform, it is *proof* of nothing. How does the underlying invalidity of Claim # 31 affect the Association's ability to amend the claim after the bar date?

Neither the Bankruptcy Code nor Rules expressly deals with amendments to claims. However, amendments to timely proofs of claim have been liberally allowed where the amendment would not work any prejudice or be otherwise inequitable. *See In re McMillan,* 182 B.R. 11, 13 (Bankr.

2. The rule provides for some exceptions none of which apply here.

3. The Bankruptcy Code provides no guidance concerning what the proof of claim must contain. 9 *Collier, supra.*

4. The appropriate form is Official Form 10. *See* Official Bankruptcy Form, 10.

5. In the case of voluminous documents, attaching a summary will suffice.

6. And this is significant considering that Claim # 66—the purported amendment—attached an engineer's report dated March 26, 2003 which explains what the claim is for. The date of the report is the same as the date Claim # 31 was filed.

E.D.Pa.1995). Chief Bankruptcy Judge Fox of this Court has noted the two reasons offered for this:

> [ ]Sometimes the rationale given for permitting claims to be amended is that bankruptcy courts are courts of equity. *In re Anderson–Walker Industries, Inc.,* 798 F.2d [1285] at 1287 [(9th Cir.1986)]. Other times, the amendment of a claim has been likened to an amendment of a pleading. *See Fidelity and Deposit Co. v. Fitzgerald,* 272 F.2d 121, 129 n. 8, 130 n. 13 (10th Cir.1959); *cert. denied,* 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); 3 *Collier* ¶ 57.11, at 194–195; 2 Remington §§ 746–752. Not only have amendments been liberally permitted, these amendments may occur after the bar date and relate back to the initial filing which was timely. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985).

*In re Ungar,* 70 B.R. 519, 521 (Bankr. E.D.Pa.1987). The trend of the cases appear to apply Rule 7015 to contested matters. *See In re Best Refrigerated Express, Inc.,* 192 B.R. 503, 506 (Bankr.D.Neb.1996) (applying Rule 7015 through Rule 9014 to allow amendment to filed proof of claim to relate back); *Enjet, Inc. v. Maritime Challenge Corp. (In re Enjet, Inc.),* 220 B.R. 312, 314 (E.D.La.1998) (noting that "numerous courts have applied Rule 7015 and Rule 15(c) explicitly or by analogy in non-adversary [bankruptcy] proceedings"); *In re Brown,* 159 B.R. 710, 714 (Bankr. D.N.J.1993) (noting that Rule 15's "standards for allowing amendments to pleadings in adversary proceedings … also apply to amendments to a proof of claim"); *In re Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992) (noting that Bankruptcy Rule 9014 permits extension of Rule 7015 to

contested matters); *In re Blue Diamond Coal Co.,* 147 B.R. 720, 725 (Bankr.E.D.Tenn.1992)(extending Rule 9014 to apply Rule 7015 to contested matters); *In re Enron Corp.* 298 B.R. 513, 521–522 (Bankr.S.D.N.Y.2003) (invoking Rule 9014 to apply Rule 7015);10 *Collier on Bankruptcy* ¶ 7015.02 n. 1. (Matthew Bender 15th ed. Revised).

■ Following this trend, the Court will apply Rule 7015—through invocation of Rule 9014(c) [7]—to this Objection. That Bankruptcy Rule incorporates Federal Rule of Civil Procedure 15 which provides, in pertinent:

> (a) Amendments. [Any time after responsive pleading is served or more than 20 days after service of pleading] a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....
>
> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> ....
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

F.R.C.P. 15(a), (c).

■ The decision to grant or deny a post-bar date amendment to a timely filed claim rests within the sound discretion of the bankruptcy judge. *In re Hill,* 286 B.R. 612, 621 (Bankr.E.D.Pa.2002). To be permitted, the amendment must relate back to the initial filing if filed after the bar date; otherwise, it will be deemed a "new" claim and will not be permitted. *In*

---

**7.** That rule provides that Court may at any stage in a particular contested matter direct that one or more of the rules in Part VII not already applicable be made applicable. B.R. 9014(c).

*re Metro Transportation Co.,* 117 B.R. 143, 147 (Bankr.E.D.Pa.1990); *In re McMillan, supra,* 182 B.R. at 14; *In re Ben Franklin Hotel Associates,* 1998 WL 94808 *3 (E.D.Pa.) *aff'd* 186 F.3d 301 (1999); *In re Pennsylvania Truck Lines, Inc.,* 189 B.R. 331, 335 (Bankr.E.D.Pa.1995); *In re Hanscom Retail Foods, Inc.,* 96 B.R. 33, 35 (Bankr.E.D.Pa.1988).[8]

*Does Claim # 66 Amend What is Alleged in Claim # 31 or is it an Altogether New Claim?*

 To determine if Claim # 66 amends a Claim # 31, the Court must first analyze the substance of the first claim. If the initial proof did not "give fair notice of the conduct, transaction or occurrence that forms the basis of the claim asserted in the amendment" then the amendment asserts new claims and will not be allowed. *In re Owens,* 67 B.R. 418, 423 (Bankr.E.D.Pa. 1986) (*quoting In re Westgate–California Corp.,* 621 F.2d 983, 984 (9th Cir.1980)). On the other hand, amendments that merely cure defects in the previously-filed claim, describe the claim in more detail, plead new theories of recovery on the same facts presented in the initial claim, or increase damages do not constitute new claims. *In re Hemingway Transport, Inc.,* 954 F.2d 1, 10 (1st Cir.1992); *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985).

 Claim # 31 gives not even an iota of information regarding what it is about. It lacks a statement as to its basis or for that matter or why it is silent on that point. And the fact that it states the amount due as unliquidated scarcely helps as that part, too, appears without explanation. In short, Claim # 31 is a nullity and will be disallowed.

If that is the case, then there is simply nothing for Claim # 66 to amend: it does not cure defects as nothing has been alleged. Similarly, no new theory is plead on old facts because no facts were previously alleged. Finally, there is no increase in the amount of damages because the amount was originally stated as unliquidated. Simply stated, Claim # 66 is a "new" claim and the extent to which it will be allowed must be determined independently of any other claim.

*The Untimeliness of Claim # 66*

PLS requests disallowance of Claim # 66 because it was filed after the claims deadline. Objection, ¶ 14. Bankruptcy Rule 3003(c)(3) sets forth the procedure for establishing bar dates for proofs of claim in Chapter 11 cases. The importance of the bar date in this context was recognized recently in a prominent bankruptcy case:

> The bar date is critically important to the administration of a successful chapter 11 case for it intended "to be a mechanism providing the debtor and its creditors with finality." *In re Manville Forest Products Corp.,* 89 B.R. 358, 374 (Bankr.S.D.N.Y.1988). In particular, a " 'bar [date] order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization.' " *In re Keene Corp.,* 188 B.R. 903, 907 (Bankr.S.D.N.Y.1995) (*quoting First Fidelity Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.),* 937 F.2d 833, 840 (2d Cir.1991)). Therefore, a bar

*In re Lee Way Holding Company,* 178 B.R. 976, 979 (Bankr.S.D.Ohio 1995).

---

**8.** Some courts also require that the equities of the case must weigh in favor of the amendment. *See Enron, supra,* 298 B.R. at 520–21;

date order "does not 'function merely as a procedural gauntlet,' ... but as an integral part of the reorganization process." *Id.* (*quoting First Fidelity*, 937 F.2d at 840 (quoting, in turn, *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 173 (5th Cir.1991))). Accordingly, a bar date is likened to a statute of limitations which generally must be strictly observed. *Id.* (citing *Maxwell Macmillan Realization Liquidating Trust & MCC GAO, Inc. v. Aboff (In re Macmillan)*, 186 B.R. 35, 49 (Bankr. S.D.N.Y.1995)).

*Enron, supra,* 298 B.R. at 520. In this case, such a deadline was originally set for March 28, 2003, and then extended to May 9. *See* Docket ## 53, 123. There is no dispute that Claim # 66 was filed on August 25, 2003, well after the deadline.

### Notwithstanding Its Lateness, Can Claim # 66 Be Deemed Timely?

■ Although the Association does not raise the issue, PLS maintains that the record does not reflect that the Association's tardiness was the result of excusable neglect. Objection, ¶ 14. Bankruptcy Rule 9006(b)(1) provides that a bankruptcy court in its discretion may accept a late-filed proof of claim where a claimant establishes "excusable neglect." B.R. 9006(b)(1). The burden is on the claimant to prove that he or she did not timely file the claim because of excusable neglect. *See Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir.2000); *In re Spring Ford Industries, Inc.*, 2003 WL 21785960 *2 (Bankr.E.D.Pa.).

■ The seminal case interpreting the "excusable neglect" language of Bankruptcy Rule 9006(b)(1) is *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In permitting a creditor's late filing under Bankruptcy Rule 9006(b)(1), the Supreme

Court explained that Congress, "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388, 113 S.Ct. at 1495 (*quoting*, in part, Bankruptcy Rule 9006(b)(1)). The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. *See id.* at 395, 113 S.Ct. at 1498. These equitable considerations include (1) "the danger of prejudice to the debtor," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.*

■ With *Pioneer's* four equitable factors in mind, the Court turns to the facts of this case to determine which way they preponderate. But the record here is sparse; the evidence consists of the two claims and nothing else. And the filed claims themselves bear on but one factor: the reason for the delay and whether it was in the claimant's control. Claim # 66 demonstrates that the Association had the requisite documentation to support its claim as of March 26, 2003, almost six (6) weeks prior to the claims bar date. On this score, then, the record demonstrates only that the Association had *no* good reason for its delay because it was in possession of the necessary information with ample time to meet the deadline. Accordingly, even had the Association raised the issue, the record does not show that Claim # 66 was late because of excusable neglect.

*The Effect of Untimeliness On the Association's Right to Recover in this Bankruptcy*

 Having found that Claim # 66 is untimely, does that require disallowance of the claim? The Amended Plan provides for payment of five classes of claims. Four of the classes consist of either secured or priority claims. The Association's claim is neither secured nor priority. That leaves the fifth class (Class 5) which consists of Allowed Unsecured Claims. If the Association is to receive any payment on its claim, it must qualify for this class.[9]

The Amended Plan defines an Allowed Unsecured Claim as "all or that portion of any Unsecured Claim that is or has become an Allowed Claim." *See* Amended Plan, Art. 1.1.11. An Allowed Claim is defined as "a Claim Against the Debtor, to the extent that a Proof of claim (i) was *timely filed* with the Court and no objection to the Claim is filed within the time fixed by the Court or this Plan for such objections ..." *Id.* Art. 1.1.5.[10] (emphasis added). Because Claim # 66 was filed after the deadline and is the subject of an objection, it will be disallowed.

**Summary**

The Objection will be sustained as to both claims. Claim # 31 is prima facie invalid. Claim # 66 is an untimely, new claim which cannot relate back to amend # 31. The late filing of Claim # 66 cannot otherwise be excused under Rule 9006(b)(1).

An appropriate order follows.

### ORDER

AND NOW upon consideration of the Objection of Philip Lombard Street, LP, to the Proofs of Claim Nos. 31 and 66 of the Abbotts Square Condominium Association, the Response of the Association thereto, after a hearing held on November 6, 2003, and for the reasons set forth in the attached Opinion, it is hereby

ORDERED that the Objection is sustained as to both claims. Accordingly, Claim Nos. 31 and 66 are disallowed.

---

9. Significantly, the Amended Plan proposes to pay such claims in full. *See* Plan, Art. 4.6.

10. There are two other criteria for qualification as an Allowed Claim—deemed allowance pursuant to § 1111(a) or by operation of plan confirmation—but the Association's claims meet neither of those two.