**In re Eloise WASHINGTON, Debtor**

**Eloise Washington, Movant,**

v.

**SN Servicing Corp., Respondent.**

**No. 08–20377–TPA.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 22, 2009.

Michael S. Geisler, Monroeville, PA, for Movant.

## MEMORANDUM OPINION

THOMAS P. AGRESTI, Chief Judge.

Before the Court for consideration is an *Objection to Claim* ("Objection"), Document No. 45, filed by the Debtor, Eloise Washington.[1] The *Objection* relates to claims filed by Respondent, SN Servicing Corporation and docketed as *Proof of Claim 2–2* and *Proof of Claim 2–3*, both of which purport to amend *Proof of Claim 2–1*. The Debtor objects to the claims as untimely filed. The "timeliness" issue is the sole issue before the Court. For the reasons set forth below, the Court will deny the *Objection*.

## FACTS AND PROCEDURAL HISTORY

The Debtor filed her Petition for relief under Chapter 13 of the Bankruptcy Code on January 18, 2008. She followed the Petition filing with her Chapter 13 Plan which was filed on February 14, 2008 (the "60–month Plan"). It contemplated a 60–month repayment period, and provided for payment of a mortgage held by Select Portfolio Servicing as a "long term continuing debt" to be reinstated pursuant to 11 U.S.C. § 1322(b)(5). $3,000 in pre-petition arrears were scheduled to be cured, although the Debtor has not indicated how that amount was calculated and there is no basis for it in the record. The bar date for non-government claims was set for June 30, 2008.

On March 5, SN Servicing Corporation, agent for SNMLT 2006–2 ("SN Servicing"), filed *Proof of Claim 2–1*. It designated $28,226.64 as the "Amount of Claim as of Date Case Filed," all of which was secured by real estate. The mortgage, dated October 8, 1997, was attached to the claim and listed the mortgaged property as 7233 Bennett Street, Pittsburgh, PA 15208. The last four numbers of the Debtor's identification number were listed. The space on the proof of claim form asking for the "[a]mount of arrearage and other charges ..." was left blank. The maturity date of the mortgage was listed as October 12, 2012, which was several months prior to the anticipated completion of the 60–month Plan. In an attachment, the claim was itemized further. It listed principal of $21,548.72. Various other line items were included to make up the difference between the principal and the total claim amount. None were explicitly titled "arrears." [2]

1. The Court's jurisdiction under 28 U.S.C. §§ 157 and 1334 is not at issue. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B). This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 and 9014(c).

2. At oral argument, Counsel for Debtor asserted that other information was missing from the claim as well, including the amount of monthly payments and the extent to which the Debtor had fallen behind in her payments. Neither of these contentions add any weight to the Debtor's argument. As to the first, it is factually incorrect because the mortgage document attached to *Proof of Claim 2–1* did delineate the required monthly payment. As to the second, the amount the Debtor had "fallen behind" is just a way of restating the argument concerning arrearage using different wording.

Because the 60–month Plan did not provide for full repayment, SN Servicing filed an objection to Plan confirmation. After two conciliation conferences, the Court directed the Debtor to file an Amended Plan, which the Debtor did on January 5, 2009 (the "56–month Plan"). This Plan shortened the repayment period to 56 months, which meant SN Servicing's loan no longer matured *prior* to Plan completion and could now be classified as a "long-term debt" subject to reinstatement upon payment of arrears. On February 19, 2009, SN Servicing objected to the 56–month Plan. Thereafter, subsequent to the claims bar date, it filed *Proof of Claim 2–2* on February 25, 2009.

*Proof of Claim 2–2* was for a total amount of $28,381.54 and listed the same parcel of real estate, the same identification number, and the same October 8, 1997 effective date. The actual proof of claim form appears to have been more carefully prepared and includes more detail than *Proof of Claim 2–1*. Most importantly, it shows a total of $6,832.82 in the line for "Amount of Arrearage." In the attachment, all the line items, including "Principal" were the same as in the original Proof of Claim with one exception. What had been listed as "Interest to 01/14/08" was now listed as "Monthly Payments from April 14, 2007 through January 14, 2008 at $247.14." This figure had increased from $2,316.50 to $2,471.40.

After two additional conciliation conferences, Debtor filed the *Objection*,[3] claiming *Proof of Claim 2–2* was untimely filed. On March 27, 2009. SN Servicing responded and the Court directed the parties to brief the issue. Prior to the hearing on the *Objection*, SN Servicing filed *Proof of*

Claim 2–3, amending *Proof of Claim 2–2*. It was identical to Proof of Claim 2–2 in all material respects except that it was itemized differently and added $182.62 for a total claim amount of $28,564.16. The amount of this addition has not been objected to nor has the increase in the Proof of Claim. Therefore, the only disputed issue is whether the amendments properly related back to the date of the original *Proof of Claim 2–1*.

## DISCUSSION

Although *Fed.R.Bankr.P.* 7015 technically applies only in adversary proceedings and therefore not in this case, the considerations for allowing amendments in all bankruptcy proceedings are analogous to the general considerations for allowing amendments of pleadings in federal practice. *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 36 (Bankr.E.D.Pa.1988). In all proceedings, then, the decision to allow or deny an amendment to a timely proof of claim is committed to the "court's sound discretion." *Interface Group–Nevada v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 145 F.3d 124, 141 (3d Cir.1998). Such amendments are to be liberally allowed absent prejudice to the debtor or for other equitable reasons. *In re Trans World Airlines, Inc.*, 145 F.3d at 141; *In re Hibble*, 371 B.R. 730, 737 (Bankr.E.D.Pa.2007).

Where the claim amendment is filed after the bar date has passed, it will only be timely if it relates back to the date of the original claim. This relation back will not be permitted if the amendment actually states a new claim. *In re MK*

---

**3.** Both the Debtor's *Objection* and her supporting brief object only to *Proof of Claim 2–2*. *Proof of Claim 2–3* was filed after the *Objection* but prior to the filing of the brief. Nonetheless, Debtor's Counsel asserted at hearing

that he was also objecting to *Proof of Claim 2–3* and any subsequent amendments or new claims. As such, the Court will treat the *Objection* as referring to the more recent *Proof of Claim 2–3*.

*Lombard Group I, Ltd.*, 301 B.R. 812, 816 (Bankr.E.D.Pa.2003).

 A claim "amendment" will be deemed to actually be a "new" claim if the original claim fails to give the debtor "fair notice of the conduct, transaction, or occurrence" from which the amended claim arises. *Lombard*, 301 B.R. at 817 (quoting *In re Owens*, 67 B.R. 418, 423 (Bankr. E.D.Pa.1986)). However, if the amendment simply cures a defect in the original claim, sets it forth in more detail, pleads a new theory of recovery on the same facts, or increases damages, it will not constitute a new claim and relation back may be allowed. *In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3d Cir.1999); *Lombard*, 301 B.R. at 817.

 The Debtor argues that *Proof of Claim 2–3* (and *Proof of Claim 2–2* before it) does constitute a new claim, and is thus untimely, due to SN Servicing's failure to properly identify the arrearages in its original filing. Her reasoning is that the relevant "conduct, transaction, or occurrence" is not the mortgage itself, but the Debtor's accumulation of arrears; and that this constitutes a wholly, separate transaction. On the other hand, SN Servicing argues that the underlying claim itself has not changed, only that a portion has been "specified." The Chapter 13 Trustee [4] also avers that the arrearage claim is based on the same transaction as listed in the original filing, *Proof of Claim 2–1*.

Here, it is clear that the relevant "transaction" is the loan itself, not the accrual of arrears. As such, the most appropriate manner in which to compare the proofs of claim is by considering the totality of the circumstances. By that measure, having determined the loan itself as the relevant transaction, it cannot be seriously contend-

ed that by specifying a portion of the claim as "arrearage," *Proof of Claim 2–3* becomes a new claim. In point of fact, the Debtor does not dispute that the amount of the claim as listed in *Proof of Claim 2–1* actually included the full arrears total within it. *Proof of Claim 2–3* adds no new debt that was not in the original claim, with the exception of an uncontested $337.52 correction. *Proof of Claim 2–1* also plainly presents ample notice of the loan. Other than insertion of an "arrearage" amount, no other pertinent details were changed when *Proof of Claim 2–3* was filed. The date of the loan, address of the secured property, and debtor's identification number, are all the same in *Proof of Claim 2–3* as they are in the mortgage document attached to *Proof of Claim 2–1*.

In addition, the original claim gave sufficient notice of the presence of arrears. The unpaid principal was itemized consistently and accurately as $21,548.72 in attachments to all three Proofs of Claim. The remaining amount due was listed and itemized in the attachment to *Proof of Claim 2–1*. It simply was not designated as "arrearage" amount. Even were the Court to adopt the Debtor's view that the accrual of arrears was the relevant transaction, the original claim was sufficient. It put Debtor on notice that a substantial amount of charges were incurred over and above principal.

 The standard for permitting amendments is that the claim gives Debtor notice of the transaction, not that it perfectly defines the claim in the first instance. *See: In re Lombard*, 301 B.R. at 817. Otherwise, there would be no need for amendment. The failure to designate the sum as "arrears" may certainly be argued as a defect in the original proof of

---

**4.** By Order dated August 14, 2009, filed at Document No. 71, the Court required the Chapter 13 Trustee to take a position on the

pending matter since any decision by the Court could quite possibly impact other pending cases that she was administering.

claim. However, later amendments are specifically permitted in order to cure such a defect. *Id.* This is exactly what occurred here. Relation back is therefore proper.

Our decision is not without precedent. Several years ago, the Bankruptcy Court for the Eastern District of Pennsylvania was confronted by a case with nearly identical facts. *In re McMillan,* 182 B.R. 11 (Bankr.E.D.Pa.1995). In that case, as in this one, a creditor sought to amend a claim after the bar date to specify arrearages. Again as in this case, the arrears had always been a component of the total claim amount; they simply were not identified as arrears. This Court finds the reasoning of Judge Sigmund persuasive:

> "[W]e have no difficulty finding that the Amended Claim is indeed an amendment to the Original Claim and not a new claim. The Original Claim prompted notice to the court of the existence of a claim arising out of a debt incurred on March 30, 1979 secured by the Mortgage and subject to a judgment dated April 11, 1994. The Amended Claim arises out of the same debt and is based on the same security.... The sole difference between the Original and Amended Claims is Claimant's recognition that certain of the components of the Original Claim should be identified as arrears."

*McMillan,* 182 B.R. at 14. This Court, as well, finds no difficulty in designating *Proofs of Claim 2–2* and *2–3* as amendments and not a "new claim."

■ The foregoing conclusion does not necessarily settle the matter since the Court may still exercise its discretion and deny the amendment. *In re Trans World Airlines, Inc.,* 145 F.3d at 141. The Debtor claims that she would be prejudiced if a relation-back amendment is allowed because, under her 56–month Plan, the arrears must be cured in full and she lacked notice as to the amount of those arrears.

The Court does not find this reasoning persuasive.

Under the original, 60–month Plan, Debtor was legally obligated to pay the entire loan, including all arrears and all principal, in full. § 1325(a)(5)(B)(i)(I). That the Plan did not comply with this obligation did not make the amount of arrears practically relevant. As a practical matter, which portion of the total amount due constitutes arrears and which constitutes the remaining payments was effectively irrelevant. Whatever the allocation, they had to be combined in a monthly payment until the debt was satisfied. When the Plan was amended to call for completion *before* the loan's maturity date, making reinstatement possible and the arrears number relevant, SN Servicing promptly amended the claim to clarify which portions of its claim represented arrears.

Nor is there any valid equitable reason not to permit relation back. Even without looking at *Proof of Claim 2–2* or *2–3,* the Debtor had ample notice that the loan was in arrears. The Court notes that the amount of the initial claim which included the arrearage, although not properly identifying it as such, included what the Debtor admits to be the full amount of arrears due at the time. Furthermore, the Debtor clearly knew that some arrears existed, as evidenced by her inclusion of $3,000 in arrears in the 60–month Plan. Even if Debtor was unaware of the exact number, the Proofs of Claim provided sufficient notice of the mortgage itself allowing for the Debtor to conduct a cursory investigation. Furthermore, the Chapter 13 Trustee points out that her records, available on her website, reflected an arrears amount higher than the $3,000 number. As a result of a prior dismissed bankruptcy, the Debtor, through her Counsel, had access to those records.

In truth, the sole extent of prejudice Debtor alleges she will suffer is that she will have to repay her arrearage prior to the end of the Plan. She claims that the lack of notice has shortened the time period in which she can pay. However, as detailed above, the Debtor had adequate notice and so was not prejudiced by any delay. As to having to pay the full arrearage to complete the Plan, this is asking no more than what is required by the Bankruptcy Code and does not rise to the level of undue prejudice.

### CONCLUSION

The principles underlying *Fed. R.Bankr.P. 7015* permit a creditor to amend a proof of claim and have the amendment relate back to the date of the original claim. In this way, a creditor may correct a defective claim or further clarify an ambiguous one. SN Servicing properly utilized the amendment process for that very purpose. Prior to the two amendments, the original proof of claim gave the Debtor sufficient notice to realize she owed a debt on which she was substantially in arrears. Put simply, the amendment did not create a new claim. For this reason, the amendment relates back to the date of the original claim and therefore is timely filed.

An appropriate Order will be entered.

### ORDER

*AND NOW,* this 22nd day of *December, 2009,* for the reasons stated in the *Memorandum Opinion* filed simultaneously herewith, which Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 and 9014(c),

It is hereby *ORDERED, ADJUDGED, AND DECREED* that the *Objection to Claim* filed by the Debtor Eloise Washington, Document No. 45, is *DENIED.*